IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL and CARMEL LABORATORIES, LLC, | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 17-868-CFC |
| L'ORÉAL S.A. and L'ORÉAL USA, INC., | : : : : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

In this patent case, Defendant L'Oréal USA, Inc. ("L'Oréal USA") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.I. 15. Defendant L'Oréal S.A. ("L'Oréal S.A.") filed a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(2). D.I. 23. Both motions were referred to a Magistrate Judge who recommended in a Report and Recommendation (D.I. 31) that the court (1) deny the motions insofar as they sought dismissal pursuant to Rule 12(b)(6), and (2) grant L'Oréal S.A's motion insofar as it sought dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction over L'Oréal S.A.

Plaintiffs object to the Magistrate Judge's recommendation that the court "grant L'Oréal S.A.'s Rule 12(b)(2) motion to dismiss[,]" D.I. 31 at 1, to the extent the recommendation was based on the Magistrate Judge's decision to "discredit[ ] Plaintiffs' argument that L'Oréal U.S.A. is L'Oréal S.A.'s United States agent for the purpose of designing and developing the accused [infringing] products[,]" D.I. 32 at 1. I review de novo the findings to which Plaintiffs object.

Personal jurisdiction analysis for patent claims is governed by Federal Circuit law. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). Whether to grant jurisdictional discovery, however, is a question governed by regional circuit law. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021–22 (Fed. Cir. 2009) ("We review the district court's denial of [jurisdictional] discovery, an issue not unique to patent law, for abuse of discretion, applying the law of the regional circuit." (citations omitted)).

Under Federal Circuit law, in deciding whether personal jurisdiction exists, "a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in [any] affidavits [submitted by the parties] in the plaintiff's favor." *Coyle*, 340 F.3d at 1349. When a motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other written materials in the absence of an evidentiary hearing, the plaintiff need only make a *prima facie* showing that a defendant is subject to the court's

2

jurisdiction. *Id.* To establish jurisdiction under an agency theory, Plaintiffs "must show that [L'Oréal S.A.] exercises control over the activities of" L'Oréal USA. *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015).

Under Third Circuit law, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted). If a plaintiff presents factual allegations that suggest with "reasonable particularity" the possible existence of personal jurisdiction over a defendant, then "the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.*

Plaintiffs argue that the Magistrate Judge "brushed [ ] aside" what Plaintiffs describe as "substantial evidence that L'Oréal S.A. develops and sells the Accused Products in the United States, and in Delaware, by designing and developing the infringing Accused Products, which [L'Oréal USA] then manufactures and distributes here." D.I. 32 at 3–4. But the Magistrate Judge expressly addressed and thoughtfully considered the evidence proffered by Plaintiffs, *see* D.I. 31 at 21–24; and, having reviewed the proffered evidence myself, I agree with the Magistrate Judge that the evidence in question, even when viewed most favorably for Plaintiffs, does not constitute *prima facia* evidence, let alone substantial evidence, that L'Oréal S.A. exercised control over L'Oréal USA's manufacture and/or distribution of the Accused Products in the United States.

I also agree with the Magistrate Judge's conclusion that Plaintiffs have failed to suggest with reasonable particularity that this Court may have personal jurisdiction over L'Oréal S.A. *See* D.I. 31 at 24. "A plaintiff may not [ ] undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (citation omitted).

Accordingly, Plaintiffs' objection (D.I. 32) is OVERRULED; and, there being no other objections to the Report and Recommendation, the Report and Recommendation (D.I. 31) is ADOPTED. Defendant L'Oréal USA, Inc.'s motion to dismiss (D.I. 15) is DENIED. Defendant L'Oréal S.A.'S motion to dismiss (D.I. 23) is GRANTED.

**IT IS SO ORDERED.**

 _____
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

May 17, 2019