IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF MASSACHUSETTS and CARMEL LABORATORIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> L'OREAL USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 17-868-CFC-SRF |

## **MEMORANDUM ORDER**

Defendant L'Oréal USA, Inc. has filed objections to the Magistrate Judge's April 24, 2020 oral discovery ruling requiring L'Oréal to produce communications made in connection with a Federal Trade Commission (FTC) investigation. D.I. 151.

The ruling in question traces its roots to Plaintiffs' March 19, 2020 letter motion for an order to compel L'Oréal to comply with Plaintiffs' Request for Production (RFP) No. 65. D.I. 103 at 1, 4. RFP 65 called for the production of "documents produced, in any litigation or investigation, to any government entity or agency that refer or related to Accused Products." *Id.* at 4. In denying the motion at a March 26, 2020 hearing, the Magistrate Judge explained:

> I find [RFP 65's] request for all documents from all government entities or agencies overbroad and not relevant or proportional to the needs of the case under Rule 26. It is a fishing expedition in the Court's view. However, having said that, to the extent that plaintiffs are aware of a federal investigation and have a reasonable belief that the document production from L'Oréal does not address documents that were produced in connection with that federal investigation in which the plaintiffs can make a showing are relevant and reasonably proportional to the needs of the case, then the plaintiffs can pursue the conversation with L'Oréal for specific documents specific to that investigation . . . . So that is my ruling without prejudice.

Tr. 78:5–24.

In a letter dated April 21, 2020, Plaintiffs renewed their motion with respect to RFP 65. The letter reads in relevant part:

> At the last hearing, this Court denied without prejudice Plaintiffs' request regarding government investigations into the accused products and asked Plaintiffs *to narrow the request. Plaintiffs have now done so, limiting the request to communications related to one particular investigation.* Yet Defendant is still refusing to produce these highly relevant documents.
> . . . Plaintiffs request *is limited to Defendant's internal and external communications about [a] specific FTC investigation.*

D.I. 123 at 2 (emphasis added). This is verbal legerdemain. While it is true that Plaintiffs had narrowed the scope of the original RFP 65 to a single investigation, they had also expanded the scope of the revised request beyond RFP 65's original terms to cover internal communications.

2

L'Oréal either failed to read Plaintiffs' letter carefully or made an intentional (and misguided) decision not to bring Plaintiffs' wiliness to the Magistrate Judge's attention. Instead, L'Oréal made the following argument in opposition to Plaintiffs' renewed motion:

> Plaintiffs have not meaningfully narrowed their request, as they continue to seek documents regarding FTC investigations into every Accused Product. Moreover, even if Plaintiffs had narrowed their request to seek only documents pertaining to an investigation of a single product or line of products—the L'Oréal USA Paris Youth Code products—they cannot demonstrate that such a request is noncumulative. L'Oréal USA has already produced the underlying marketing materials for those products, as well as the testing documents that support the marketing claims made therein. Forcing L'Oréal USA to search for communications relating to an investigation that does not relate to the claims made in this litigation, and that was resolved nearly six years ago, is not proportionate to the needs of the case.

D.I. 124 at 3. L'Oréal essentially repeated these arguments during the April 24, 2020 discovery hearing held before the Magistrate Judge. At no point in its letter response or during oral argument on the renewed motion did L'Oréal argue that Plaintiffs' request should be denied because RFP 65 did not cover internal communications. Nor did it argue that Plaintiffs' renewed motion should be denied on the grounds that complying with Plaintiffs' request would require L'Oréal to produce more than 7,000 documents and to search for, review and log privileged, internal communications regarding the Investigation that span at least

3

three years. Finally, L'Oréal did not argue in front of the Magistrate Judge that "the asserted patents in this case relate to the use of adenosine at specified concentrations, which was not a focus of the FTC investigation." D.I. 151 at 5.

At the conclusion of argument, the Magistrate Judge stated:

> . . . I will grant plaintiffs' request to compel the production of documents responsive to request for production number 65 limited to the single 2014 FTC investigation cited by the plaintiff[s] in their letter brief, including the internal and external communications regarding the specific FTC investigation.

Tr. 113:1-8.

The Magistrate Judge had the authority to make her ruling pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).

L'Oréal objects to the Magistrate Judge's ruling "insofar as it requires L'Oréal USA to: (1) produce the entire volume of its production to the FTC, totaling over 7,000 documents; and (2) search for, review and log privileged, internal communications regarding the Investigation that span at least three years." *Id.* at 1. L'Oreal argues that "Plaintiffs' erroneous representation to the Magistrate Judge that they had narrowed their request, which was originally before the Court on March 26, 2020, precipitated the Order." *Id.* And it contends that "the asserted patents in this case relate to the use of adenosine at specified concentrations, which was not a focus of the FTC investigation." *Id.* at 5.

4

The problem with these arguments is that they were not raised before the Magistrate Judge in the first instance. Accordingly, L'Oréal has waived them. *Burtch v. Milberg Factors, Inc.*, No. CIV.A. 07-556-JJF-LP, 2009 WL 1529861, at *3 (D. Del. May 31, 2009), *aff'd*, 662 F.3d 212 (3d Cir. 2011), and *aff'd*, 662 F.3d 212 (3d Cir. 2011).

I am somewhat sympathetic to L'Oréal's situation, and I certainly do not approve of the manner in which Plaintiffs worded their renewed motion. Had the matter been before me in the first instance, I would not have compelled the production of internal communications since RFP 65 did not call for their production. But this Court could not meet the demands of its heavy caseload if sophisticated litigants like L'Oréal were permitted to save for their objections to Magistrate Judge rulings arguments they should have raised before the Magistrate Judge in the first place. It would also be unfair to our Magistrate Judges, who are inundated with discovery disputes, to countenance that practice.

L'Oreal argues that the fact "[t]hat Plaintiffs' brief and proposed order was seeking documents outside of their request [in RFP 65] was not apparent until after the Magistrate Judge's Order was issued, and Plaintiffs never pointed that out to the Court." D.I. 151 at 6 n.3 (emphasis added). Plaintiffs, however, explicitly stated in their renewed motion and in the proposed order they provided the Magistrate Judge that they were seeking internal communications. L'Oréal's

5

carelessness in reading the renewed motion and proposed order does not justify dispensing with the rule that arguments need to be raised in the first instance with the Magistrate Judge.

NOW THEREFORE, IT IS HEREBY ORDERED that L'Oreal's Objections (D.I. 151) are OVERRULED.

6.8.20
Date

United States District Judge