## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF MASSACHUSETTS and CARMEL LABORATORIES, LLC, | |
| Plaintiffs, | C.A. No. 17-cv-868-CFC-SRF |
| v. | |
| L'ORÉAL USA, INC., | |
| Defendant. | |

**PLAINTIFFS' RESPONSIVE CONCISE STATEMENT OF FACTS IN OPPOSITION TO L'OREAL'S MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS OF THE "SKIN ENHANCEMENT CLAIM LIMITATION"**

DATED: October 2, 2020

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Of Counsel:
William Christopher Carmody
Tamar E. Lusztig
Beatrice C. Franklin
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com
tlusztig@susmangodfrey.com
bfranklin@susmangodfrey.com

Justin A. Nelson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Davida Brook
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com

*Attorneys for University of
Massachusetts and Carmel
Laboratories, LLC*

Matthew B. Lowrie
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199
Telephone: (617) 342-4000
Facsimile: (617) 342-4001
mlowrie@foley.com

*Attorneys for Carmel Laboratories,
LLC*

| Plaintiffs' Responses to Defendant's Allegedly Undisputed Facts[1] | | |
|---|---|---|
| | **Allegedly Undisputed Facts** | **Plaintiffs' Response** |
| 1 | United States Patent Nos. 6,423,327 ("the '327 patent") and 6,645,513 ("the '513 patent") (together, the "patents-in-suit") both claim priority to the same parent patent application filed on October 26, 1998. | Undisputed. |
| 2 | Claim 1 is the sole independent claim of both patents-in-suit, and recites: "A method for enhancing the condition of unbroken skin of a mammal by reducing one or more of wrinkling, roughness, dryness, or laxity of the skin, without increasing dermal cell proliferation, the method comprising topically applying to the skin a composition comprising a concentration of adenosine in an amount effective to enhance the condition of the skin without increasing dermal cell proliferation, wherein the adenosine concentration applied to the dermal cells is [numerical concentration]." | Undisputed. |
| 3 | The phrase "amount effective to enhance the condition of the skin" appears in the body of claim 1 of both patents-in-suit. | Undisputed. |

---

[1] The Court's rule appears to be that concise statements of fact may only be 1750 words total, but L'Oréal's three statements of fact total 4035 words (less than 1750 each). In order to respond, Plaintiffs have had to exceed a total of 1750 words, but have made every effort to keep their responses as concise as possible.

| 4 | The remaining claim terms of the patents-in-suit all depend from claim 1 and therefore contain the same claim limitations as claim 1. | Undisputed that the dependent claims depend on claims 1 of each patent-in-suit. Disputed that the dependent claims contain "the same claim limitations" as the independent claims. Ex. 1, 2.[2] |
|---|---|---|
| 5 | The claims do not describe what counts as, or how to determine, whether there has been a reduction in "one or more of wrinkling, roughness, dryness, or laxity of the skin." | Undisputed, but L'Oréal's inferences are disputed. Ex. 1 at 1:37-65; 2:4-5; 2:38-40; 5:44-6:4; 6:15-9:50; Ex. 33 at 56:19-58:25. |
| 6 | The specification states: "Adenosine or an adenosine analog enhances skin condition when there is a noticeable decrease in noticeable decrease [sic] in the amount of wrinkling, roughness, dryness, laxity, sallowness, or pigmentary mottling of the treated skin." | Undisputed, but L'Oréal's inferences are disputed. Ex. 1 at 1:37-65; 2:4-5; 2:38-40; 5:44-6:4; 6:15-9:50; Ex. 33 at 56:19-58:25. |
| 7 | The specification further states: "Methods of measuring improvements in skin condition are well known in the art (see, e.g., Olsen et al., J. Amer. Acad. Dermatol. 26:215-24, 1992), and can include subjective evaluations by the patient or a second party, e.g., a treating physician. Objective methods can include skin topography measurements." | Undisputed, but L'Oréal's inferences are disputed. Ex. 1 at 1:37-65; 2:4-5; 2:38-40; 5:44-6:4; 6:15-9:50; Ex. 33 at 56:19-58:25. |

---

[2] Citations to "Ex.__" are to L'Oréal's exhibits. Citations to "App'xE__" are to Plaintiffs' opposition appendix.

| 8 | The patents-in-suit thus recognize that subjective assessments may be used to determine whether the condition of the skin has been enhanced, but do not provide any guidance to inform any such subjective inquiry or which of the multiple methodologies to apply and when. | L'Oréal's legal conclusions are disputed. Ex. 1 at 1:37-65; 2:4-5; 2:38-40; 5:44-6:4; 6:15-9:50; Ex. 33 at 56:19-58:25; Ex. 12 ¶ 186. |
| 9 | Plaintiffs' expert, Dr. Bozena Michniak-Kohn, has not disputed that a subjective assessment may be used to whether the condition of the skin has been enhanced. | Disputed. Ex. 12 ¶ 186. |
| 10 | According to named inventor Dr. James Dobson, a subjective assessment may be used to determine whether adenosine has enhanced the condition of the skin within the meaning of the claims. | L'Oréal's legal conclusions are disputed. Ex. 1 at 1:37-65; 2:4-5; 2:38-40; 5:44-6:4; 6:15-9:50; Ex. 33 at 56:19-58:25. Undisputed that Dobson provided the quoted testimony. |
| 11 | Even when skin assessments are guided by specific parameters or grading scales (which is not the case in the patents-in-suit), they can and do produce conflicting results. | Disputed. Ex. 1 at 1:37-65; 2:4-5; 2:38-40; 5:44-6:4; 6:15-9:50; Ex. 12 ¶ 186; Ex. 33 at 56:19-58:25. |
| 12 | There are multiple other methods that may be used to assess whether skin condition has improved, which may produce different results. | Undisputed that other methods exist. L'Oréal's legal conclusions and inferences are disputed. Ex. 1 at 1:37-65; 2:4-5; 2:38-40; 5:44-6:4; 6:15-9:50; Ex. 12 ¶ 186; Ex. 33 at 56:19-58:25. |

| 13 | Dr. Dobson testified that there are multiple tests available to assess whether or not wrinkling or roughness has been improved, and that they may give conflicting results. | Undisputed that, when asked "[f]ocusing on, for example, wrinkling, there's more than one test that can be used to determine whether or not you're improving wrinkling," Dr. Dobson responded, "I would – yes".  Undisputed that, when asked "And depending on the tests that you use, a formulation can show an improvement in wrinkling in on test but no improvement in wrinkling in the other test for that same formulation" Dr. Dobson responded, "That's a possibility". Undisputed that, when asked "[a]nd the same thing would be true for roughness", Dr. Dobson responded, "I assume so." Ex. 17 at 171:1-15. |
| --- | --- | --- |
| 14 | The specification does not provide any guidance regarding how a person of ordinary skill in the art should choose among these various, conflicting methods. | Disputed. Ex. 1 at 5:44-6:4; Ex. 12 ¶ 186. |
| 15 | During prosecution of the application leading to the '327 patent, the claim language "[a] method for enhancing the condition of unbroken skin of a mammal by reducing one or more of wrinkling, roughness, dryness, or laxity of the skin" was added in response to an office action rejecting a proposed claim directed to a "'method of enhancing' the skin condition" as "vague because it is not clear as to enhance from what and to achieve what effect." | Undisputed that the quoted language appears in the prosecution history. L'Oréal's inferences are disputed. Ex. 24 at CARMEL LABS_00000744, 762, 784, 793. |

| 16 | In adding this language, the Applicants identified the portion of the specification stating that skin is enhanced "when there is a noticeable decrease in noticeable decrease [sic] in the amount of wrinkling, roughness, dryness, laxity, sallowness, or pigmentary mottling of the treated skin," and explained they were amending the claim to recite "a method for enhancing the condition of unbroken skin of a mammal by reducing one or more of wrinkling, roughness, dryness, or laxity of the skin" (thereby removing "sallowness, or pigmentary mottling"). | Undisputed that the quoted language appears in the prosecution history. L'Oréal's argumentative inferences are disputed. Ex. 24 at CARMEL LABS_00000744, 762, 784, 793. |
|---|---|---|
| 17 | The Applicants then relied on this claim language to distinguish prior art during prosecution, stating that, "Applicants apply adenosine as a cosmetic approach to enhance the condition or complexion of the skin, whereas Cronstein describes a medical therapy for open wounds such as burns." | Undisputed that the quoted language appears in the prosecution history, but otherwise disputed. Ex. 24 at CARMEL LABS_00000796. |
| 18 | Plaintiffs identified the preamble language as a "limitation[]" that the prior art allegedly did not disclose in an interrogatory response. | Disputed. App'xE0000005; ("Defendant is also mistaken insofar as it bases its invalidity arguments on non-limiting language found in the preamble; these disclosures are not claim elements."). |
| 19 | In responding to L'Oréal USA's contention that the preamble was indefinite, Plaintiffs never stated that it was not a limitation. (Ex. 30 at 39.) | Disputed. App'xE0000009-15; App'xE0000005. |

| Additional Material Facts Precluding Summary Judgment | | |
|---|---|---|
| | **Material Fact** | **Evidence** |
| 1 | The Court and the PTO construed the terms of claim 1 of each patent-in-suit. | Ex. 33 at 56:19-58:25; App'xE0000023. |
| 2 | L'Oréal uses "[c]linical stud[ies]" to "substantiat[e]" "claims" that, for example, use of its products "show a statistically significant improvement in the crow's feet wrinkles and fine lines" and "other signs of skin ageing such as skin texture, skin tone, pigmentations and marionette lines." | App'xE0000030. |

DATED: October 2, 2020

Respectfully submitted,

FARNAN LLP

/s/ *Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Of Counsel:
William Christopher Carmody
Tamar E. Lusztig
Beatrice C. Franklin
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com
tlusztig@susmangodfrey.com
bfranklin@susmangodfrey.com

Justin A. Nelson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Davida Brook
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com

*Attorneys for University of Massachusetts and Carmel Laboratories, LLC*

Matthew B. Lowrie
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199
Telephone: (617) 342-4000
Facsimile: (617) 342-4001
mlowrie@foley.com

*Attorneys for Carmel Laboratories, LLC*

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

By: *William Christopher Carmody*
William Christopher Carmody
Special Assistant Attorney General
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com

*Attorney for University of Massachusetts*

# APPENDIX IN SUPPORT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF MASSACHUSETTS and CARMEL LABORATORIES, LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC.,<br><br>                    Defendant. | C.A. No. 17-cv-868-CFC-SRF |

## <u>DECLARATION OF TAMAR LUSZTIG</u>

I, Tamar Lusztig, declare as follows:

I am an attorney at the law firm Susman Godfrey, L.L.P. and am counsel of record for Plaintiffs University of Massachusetts and Carmel Laboratories, LLC ("Plaintiffs") in the above-captioned matter. I hereby submit this declaration in support of Plaintiffs' Opposition to L'Oréal's Motion for Summary Judgment of Indefiniteness of the "Skin Enhancement Claim Limitation."

1. Attached as Exhibit 1 is a true and correct copy of an excerpt of Plaintiffs' March 20, 2020 interrogatory responses.

2. Attached as Exhibit 2 is a true and correct copy of an email exchange between counsel for Plaintiffs and for L'Oréal, dated December 23-27, 2019.

3. Attached as Exhibit 3 is a true and correct copy of the PTO's Decision

1

Denying Petitioner's Request for Rehearing, dated November 16, 2018.

4.  Attached as Exhibit 4 is a true and correct copy of LOUSA0013969-72, produced by L'Oréal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:          October 2, 2020

*/s/ Tamar Lusztig*
Tamar Lusztig

2

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNIVERSITY OF MASSACHUSETTS and
CARMEL LABORATORIES, LLC,

      Plaintiffs,

    v.

L'ORÉAL USA, INC.,

      Defendant.

Case No. 17-cv-868-CFC-SRF

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs University of Massachusetts ("UMass") and Carmel Laboratories, LLC ("Carmel Labs" and, together, "Plaintiffs") submit their objections and responses to the First Set of Interrogatories ("Interrogatories") of Defendant L'Oréal USA, Inc., based on their current knowledge, understanding, and belief as to the facts and information available to Plaintiffs as of the date of these Responses.

### PRELIMINARY STATEMENT

1.    These Responses are made solely for the purpose of this action. Each Response is subject to all objections, as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such Interrogatory were asked of, or statements contained herein were made by a witness present and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.    Plaintiffs' Responses are based upon information presently available to and

presented sufficient evidence, let alone clear and convincing evidence, showing that the Patents-in-Suit are invalid.

Plaintiffs further respond that, pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this Interrogatory may be obtained by examining documents previously produced in this matter, and the burden of deriving or ascertaining the answer is substantially the same for either party. Plaintiffs thus direct Defendant to the file histories of the Patents-in-Suit, and the PTO's decisions denying Defendant's petitions for *inter partes* review.

Plaintiffs further respond that to the extent Defendant contends the Patents-in-Suit are invalid, *see* Defendant's December 13, 2019 Invalidity Contentions, Defendant is mistaken, including because the cited references contain no evidence "reflecting the concentration of adenosine applied to the dermal cells," *see* '327 IPR Denial at 15-17, and do not disclose a method of enhancing skin condition with adenosine without increasing dermal cell proliferation. Defendant is also mistaken insofar as it bases its invalidity arguments on non-limiting language found in the preamble; these disclosures are not claim elements. In any event, preparing topical formulations and evaluating their effect was known in the art.

Plaintiffs reserve the right to supplement this Response as discovery continues.

**INTERROGATORY NO. 15**

Describe in detail any alleged secondary consideration of nonobviousness with respect to the claims of the Patents-in-Suit, including but not limited to any alleged commercial success, long-felt need, acquiescence, expressions of skepticism, copying, teaching away, unexpected results, or successful or failed attempts by others that allegedly support Your nonobviousness positions for the Patents-in-Suit, and identify all evidence, Documents, and Things that demonstrate those

LOUSA0004426,   LOUSA0004468,   LOUSA0004481,   LOUSA0007421,   LOUSA0007449,

LOUSA0007466,   LOUSA0007534,   LOUSA0007740,   LOUSA0007857,   LOUSA0008068,

LOUSA0008330,   LOUSA0008340,   LOUSA0008346,   LOUSA0008386,   LOUSA0008396,

LOUSA0008402,   LOUSA0008452,   LOUSA0003040,   LOUSA0003041,   LOUSA0003047,

LOUSA0003091,   LOUSA0003303,   LOUSA0003708,   LOUSA0005914,   LOUSA0005946,

LOUSA0005996, LOUSA0006020, LOUSA0006023, LOUSA0009018, LOUSA0029682.


Plaintiffs reserve the right to supplement this Response as discovery continues.


DATED: March 20, 2020

Respectfully submitted,

FARNAN LLP

/s/ *Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw,com

Of Counsel:
William Christopher Carmody
Tamar E. Lusztig
Beatrice C. Franklin
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com
tlusztig@susmangodfrey.com
bfranklin@susmangodfrey.com

7216274v1/015369

Justin A. Nelson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

*Attorneys for University of Massachusetts*
*and Carmel Laboratories, LLC*

Matthew B. Lowrie
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199
Telephone: (617) 342-4000
Facsimile: (617) 342-4001
mlowrie@foley.com

*Attorneys for Carmel Laboratories, LLC*

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

By: *William Christopher Carmody*
William Christopher Carmody
Special Assistant Attorney General
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com

*Attorney for University of Massachusetts*

7216274v1/015369

EXHIBIT 2

| From: | Tymoczko, Nicholas |
|---|---|
| To: | Brian Farnan; Tamar Lusztig; Ashkenazi, Isaac S.; Mowery, Katharine Lester |
| Cc: | Ellis, Dennis S.; PH-UMASS v. L'Oreal USDC; Dittmann, Eric W.; Cottrell, Fred; Rawnsley, Jason J.; Moyer, Jeffrey L.; Palys, Joseph E.; Murray, Katherine F.; Modi, Naveen; Polatoglu, Serli; Beatrice Franklin; Bill Carmody; Justin A. Nelson; Keeley Lombardo; Lucas I. Silva; Matthew Lowrie; Rodney Polanco |
| Subject: | RE: UMass v. L'Oreal: Joint Claim Construction Chart |
| Date: | Friday, December 27, 2019 5:20:46 PM |
| Attachments: | DRAFT Joint Claim Construction Chart.DOCX |

Counsel,

In the interest of getting this on file now, we can agree with filing the attached version.  We've corrected the dates for some of the prosecution history cites in L'Oréal USA's portion of the intrinsic evidence that were incorrect in the version of the document Plaintiffs sent to us at 4:27, as well as adding a space between the sentences in footnote 2.  L'Oréal USA maintains its position on the other term, and believes the parties can continue to discuss that term next week.  In this regard, please let us know your availability on Monday and Tuesday.

Regards,
Nick

---

**From:** Brian Farnan <bfarnan@farnanlaw.com>
**Sent:** Friday, December 27, 2019 5:17 PM
**To:** Tamar Lusztig <TLusztig@susmangodfrey.com>; Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMass-LOreal-USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F. <katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>; Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>; Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>
**Subject:** [EXT] RE: UMass v. L'Oreal: Joint Claim Construction Chart

Do we have approval to sign for Delaware Counsel and file?

Thanks

---

**From:** Tamar Lusztig <TLusztig@susmangodfrey.com>
**Sent:** Friday, December 27, 2019 4:26 PM
**To:** Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMass-LOreal-

USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred
<Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L.
<moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F.
<katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>;
Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli
<serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill
Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A.
Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>;
Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco
<RPolanco@susmangodfrey.com>
**Subject:** RE: UMass v. L'Oreal: Joint Claim Construction Chart

Isaac,

What we "actually proposed" was that the term can be understood according to its plain and
ordinary meaning. We can't agree to further push off this agreed-upon deadline, so in the interest of
getting the chart on file, we can remove that term from the chart. See the attached update and
please confirm that we can file this.

-Tamar

**From:** Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>
**Sent:** Friday, December 27, 2019 3:21 PM
**To:** Tamar Lusztig <TLusztig@susmangodfrey.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMass-LOreal-
USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred
<Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L.
<moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F.
<katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>;
Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli
<serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill
Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A.
Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>;
Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco
<RPolanco@susmangodfrey.com>
**Subject:** RE: UMass v. L'Oreal: Joint Claim Construction Chart

Counsel,

Your email below does not properly address L'Oréal USA's position. As we stated, we can agree to a
construction of the term "enhance the condition of the skin" as "reduce one or more of wrinkling,
roughness, dryness, or laxity of the skin," which Plaintiffs actually proposed.  Thus, there is nothing
for the Court to construe.  This language, however, still fails to inform, with reasonable certainty,
those skilled in the art about the scope of the claimed invention.  (*See, e.g.*, Defendant's Initial
Invalidity Contentions.)  This invalidity issue of indefiniteness is properly addressed at other stages of

the case, consistent with what we understand Judge Connolly's preference to be.  Plaintiffs' attempt to force this one invalidity issue to be addressed at the claim construction stage would prejudice L'Oréal USA.

Given the parties' differences and the tight time periods we are dealing with during this holiday season, we think it makes sense for us to agree to file the Joint Claim Construction Statement on Monday at 6:00 pm.  In the meantime, we would propose that the parties meet and confer on Monday morning in an attempt to avoid burdening the Court with an unnecessary dispute.

Regards,
Isaac

**From:** Tamar Lusztig <TLusztig@susmangodfrey.com>
**Sent:** Friday, December 27, 2019 2:14 PM
**To:** Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMass-LOreal-USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F. <katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>; Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>; Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>
**Subject:** [EXT] RE: UMass v. L'Oreal: Joint Claim Construction Chart

Isaac,

==We cannot agree to a construction with L'Oreal preserving its ability to later reverse course and contend that, contrary to the agreed construction, the term cannot be construed. Since L'Oreal has indicated that it will argue this term is indefinite, we will brief that issue at the claim construction phase. Please confirm we can write "indefinite" for L'Oreal's position on the second term, or whether you would like us to add an alternative construction (such as the one you suggest below).==

==Alternatively, we could agree to file a stipulation that the term should be construed according to its plain and ordinary meaning, provided that L'Oreal will not later change position and argue the term is indefinite.==

Let us know, thanks.

-Tamar

**From:** Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>
**Sent:** Friday, December 27, 2019 1:37 PM
**To:** Tamar Lusztig <TLusztig@susmangodfrey.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMASS-LOreal-USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F. <katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>; Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>; Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>
**Subject:** RE: UMass v. L'Oreal: Joint Claim Construction Chart

Counsel,

L'Oréal USA can agree to a construction of "enhance the condition of the skin" as "reduce one or more of wrinkling, roughness, dryness, or laxity of the skin." Accordingly, we have attached a revised Joint Claim Construction Chart. We have also included a redline of this document against the draft you sent at 12:25 pm today.

By agreeing to this construction, L'Oréal USA does not waive any claims or defenses of patent invalidity, including under 35 U.S.C. § 112. (*See, e.g.,* Defendant's Initial Invalidity Contentions.) Further, L'Oréal USA will address the issue of indefiniteness based upon, *inter alia*, the failure of this language to inform, with reasonable certainty, those skilled in the art about the scope of the claimed invention as appropriate at later stages of this case. (*See, e.g., id.*)

Regards,
Isaac

---

**From:** Tamar Lusztig <TLusztig@susmangodfrey.com>
**Sent:** Friday, December 27, 2019 12:25 PM
**To:** Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMASS-LOreal-USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F. <katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>; Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>;

Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>
**Subject:** [EXT] RE: UMass v. L'Oreal: Joint Claim Construction Chart

Counsel, attached is the final JCCC with both parties' constructions and intrinsic evidence. We have noted in the chart that Defendant has not provided its position on the second term. We plan to file this by 6 PM today.

---

**From:** Tamar Lusztig
**Sent:** Friday, December 27, 2019 10:08 AM
**To:** Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMass-LOreal-USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F. <katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>; Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <klombardo@susmangodfrey.com>; Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>
**Subject:** RE: UMass v. L'Oreal: Joint Claim Construction Chart

Isaac, defendant has not provided its position for the second term. If defendant now contends this term is not indefinite and does not need to be construed, we can add that agreement to the joint claim construction chart and not brief it. Please let us know right away.

---

**From:** Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>
**Sent:** Thursday, December 26, 2019 5:57 PM
**To:** Tamar Lusztig <TLusztig@susmangodfrey.com>; Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMass-LOreal-USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F. <katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>; Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>; Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>
**Subject:** RE: UMass v. L'Oreal: Joint Claim Construction Chart

Counsel,

Attached please find a current redline of the draft Joint Claim Construction Chart, which we will continue to review.  For the second term, although we are still reviewing Plaintiffs' position on that term, in the interest of cooperation we are providing an identification of intrinsic evidence at this time.  We will provide an update on that term, and anything else in the Joint Claim Construction Chart, as soon as practicable.

Regards,
Isaac

---

**From:** Tamar Lusztig <TLusztig@susmangodfrey.com>
**Sent:** Thursday, December 26, 2019 9:32 AM
**To:** Mowery, Katharine Lester <Mowery@rlf.com>
**Cc:** Ellis, Dennis S. <DennisEllis@paulhastings.com>; PH-UMASS v. L'Oreal USDC <PH-UMass-LOreal-USDC@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Ashkenazi, Isaac S. <isaacashkenazi@paulhastings.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Palys, Joseph E. <josephpalys@paulhastings.com>; Murray, Katherine F. <katherinemurray@paulhastings.com>; Modi, Naveen <naveenmodi@paulhastings.com>; Tymoczko, Nicholas <nicholastymoczko@paulhastings.com>; Polatoglu, Serli <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>; Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>
**Subject:** [EXT] RE: UMass v. L'Oreal: Joint Claim Construction Chart

That works for us.

---

**From:** Mowery, Katharine Lester <Mowery@rlf.com>
**Sent:** Tuesday, December 24, 2019 3:43 PM
**To:** Tamar Lusztig <TLusztig@susmangodfrey.com>
**Cc:** Dennis Ellis <dennisellis@paulhastings.com>; Distribution Alias <PH-UMass-LOreal-USDC@paulhastings.com>; Eric W. Dittmann <ericdittmann@paulhastings.com>; Cottrell, Fred <Cottrell@RLF.com>; Isaac S. Ashkenazi <isaacashkenazi@paulhastings.com>; Rawnsley, Jason J. <Rawnsley@RLF.com>; Moyer, Jeffrey L. <moyer@RLF.com>; Joseph Palys <josephpalys@paulhastings.com>; Kathy Murray <katherinemurray@paulhastings.com>; Naveen Modi <naveenmodi@paulhastings.com>; Nicholas A. Tymoczko <nicholastymoczko@paulhastings.com>; Serli Polatoglu <serlipolatoglu@paulhastings.com>; Beatrice Franklin <BFranklin@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Brian Farnan <bfarnan@farnanlaw.com>; Justin A. Nelson <jnelson@SusmanGodfrey.com>; Keeley Lombardo <KLombardo@susmangodfrey.com>; Lucas I. Silva <lsilva@foley.com>; Matthew Lowrie <mlowrie@foley.com>; Rodney Polanco <RPolanco@susmangodfrey.com>

**Subject:** Re: UMass v. L'Oreal: Joint Claim Construction Chart

Counsel:

We are reviewing and propose that the parties mutually exchange intrinsic evidence citations at 6pm ET on Thursday. Please confirm that works.

Best,
Kate

---

The information contained in this electronic communication is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

---

On Dec 23, 2019, at 5:35 PM, Tamar Lusztig <TLusztig@susmangodfrey.com> wrote:

Counsel, I've attached a draft joint claim construction chart, which is due on Friday. Could you please get us any edits to this document, including your intrinsic evidence citations, by COB ET on Thursday? We will then circulate finals, and file, on Friday.

Thanks.

Tamar Lusztig | Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor | New York, NY 10019
212-729-2007 (direct) | 617-967-8748 (cell)

<2019-12-23 DRAFT UMass_L_Oreal JCCC.DOCX>

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*****************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# EXHIBIT 3

Trials@uspto.gov                                                Paper No. 12
571.272.7822                                         Filed: November 16, 2018

UNITED STATES PATENT AND TRADEMARK OFFICE
———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD
———————

L'ORÉAL USA, INC.,
Petitioner,

v.

UNIVERSITY OF MASSACHUSETTS,
Patent Owner.
———————

Case IPR2018-00778
Patent 6,423,327 B1
———————

Before CHRISTOPHER G. PAULRAJ, ROBERT A. POLLOCK, and
DAVID COTTA, *Administrative Patent Judges*.

COTTA, *Administrative Patent Judge*.

DECISION
Denying Petitioner's Request for Rehearing
*37 C.F.R. § 42.71(d)*

## I.   INTRODUCTION

L'Oréal USA, Inc. ("Petitioner" or "L'Oréal") filed a petition
requesting an *inter partes* review of claims 1–7 and 9 of U.S. Patent No.
6,423,327 B1 (Ex. 1001, "the '327 patent").  Paper 2 ("Pet.").  The
University of Massachusetts ("Patent Owner" or "UMass") filed a
Preliminary Response to the Petition.  Paper 7 ("Prelim. Resp.").  On

IPR2018-00778
Patent 6,423,327 B1

September 7, 2018, after consideration of the Petition and Preliminary
Response, we entered a Decision denying institution of *inter partes* review
Paper 9 ("Dec.").  On October 11, 2018, Petitioner filed a Corrected Request
for Rehearing (Paper 11, "Req. Reh'g") seeking reconsideration of the
Decision.[1]

     For the reasons stated below, Petitioner's Request for Rehearing is
denied.

## II.  ANALYSIS

### *Standard of Review*

     When reconsidering a decision on institution, we review the decision
for an abuse of discretion.  37 C.F.R. § 42.71(c).  An abuse of discretion
may be found if a decision is based on an erroneous interpretation of law, if
a factual finding is not supported by substantial evidence, or if the decision
represents an unreasonable judgment in weighing relevant factors.  *Star
Fruits S.N.C. v. U.S.*, 393 F.3d 1277, 1281 (Fed. Cir. 2005); *Arnold P'ship v.
Dudas*, 362 F.3d 1338, 1340 (Fed. Cir. 2004); *In re Gartside*, 203 F.3d
1305, 1315–16 (Fed. Cir. 2000).  The party requesting rehearing has the
burden of showing the decision should be modified, which includes
specifically identifying all matters the party believes we misapprehended or
overlooked.  37 C.F.R. § 42.71(d).

---

[1] Petitioner filed a Request for Rehearing on October 9, 2018.  Paper 10.
Because the request was incorrectly captioned, with the permission of the
Board (Ex. 3002), Petitioner refiled a request for rehearing correcting this
clerical error.  Paper 11.  All citations herein are to the Corrected Request
for Rehearing.

E0000019

IPR2018-00778
Patent 6,423,327 B1

*Background*

Petitioner challenged claims 1–7 and 9 of the '327 patent on three related grounds: that claims 1, 3–7, and 9 are anticipated by DE '107[2]; that claims 1, 3–7, and 9 are obvious over DE '107; and that claims 1–7 and 9 would have been obvious over the combination of JP '153[3] and DE '107. Pet. 11–12. We declined to institute *inter partes* review. Dec. 15–19.

Petitioner's Request for Rehearing focuses on our construction of the limitation in claim 1 requiring that "the adenosine concentration applied to the dermal cells is $10^{-4}$ M to $10^{-7}$ M." In the Petition, Petitioner argued that this limitation should be construed to mean "a concentration of adenosine ***in the composition*** that is topically applied to an unbroken, epidermal layer of a region of the skin containing the dermal cells to be from $10^{-4}$ M to $10^{-7}$ M (*i.e.*, 0.00000265 to 0.00265 wt %)." Pet. 27. In the Decision denying institution, we rejected Petitioner's proposed construction and construed this limitation to mean "mean what it says – that the recited concentration is the concentration that is applied to the dermal cells." Dec. 15.

*Legal Principles*

For the reasons discussed in connection with our institution decision, we applied a district court-type claim construction like that provided in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc). Dec. 6.

---

[2] Schönrock et al., DE 195 45 107 A1, published June 5, 1997 ("DE '107"). DE '107 was originally published in German. Ex. 1003. All citations herein are to Exhibit 1004, the English translation of DE '107 provided by the Petitioner.

[3] Murayama, JP H9-157153 A, published June 17, 1997 ("JP '153"). JP '153 was originally published in Japanese. Ex, 1005. All citations herein are to Exhibit 1006, the English translation of JP '153 provided by the Petitioner.

E0000020

IPR2018-00778
Patent 6,423,327 B1

Under this standard, we gave claim terms their ordinary and customary meaning, as would be understood by a person of ordinary skill in the art, at the time of the invention, in light of the language of the claims, the specification, and the prosecution history of record. *Phillips*, 415 F.3d at 1313. We also considered the extrinsic evidence presented by Petitioner. *Id.* at 1317. Petitioner does not challenge our decision to apply the *Phillips* claim construction standard. Req. Reh'g 2.

*Analysis*

Claim 1 of the '327 patent, the only independent claim, requires "topically applying to the skin a composition comprising a concentration of adenosine." In the Decision, we construed this limitation to require that "a composition be applied directly to the outer, epidermal layer of the skin that is intact . . . such that the inner, dermal layer of the skin is not exposed." Dec. 7–8. Petitioner agrees that this is the correct construction. Req. Reh'g 4.

Claim 1 also requires that "the adenosine concentration applied to the dermal cells is $10^{-4}$ M to $10^{-7}$ M." In the Decision, we construed this limitation to require that the recited concentration is "the concentration that is applied to the dermal cells." Dec. 15. Petitioner argues that we "incorrectly applied *Phillips* by interpreting only two words of the claim, *i.e.* 'dermal cells,' in isolation, overlooking the remaining language of the claims and therefore failing to accord sufficient weight to the specification and file history or Petitioner's evidence." Req. Reh'g 2. We are not persuaded.

Any construction of the phrase "concentration applied to the dermal cells" must ascribe some meaning to the term "dermal cells." As discussed

4

IPR2018-00778
Patent 6,423,327 B1

in the Decision, there is no dispute that the skin is comprised of multiple layers, including the epidermis, the dermis, and subcutaneous fat.  Dec. 8–9. Our construction gives the term "dermal cells" its ordinary meaning by construing it to refer to "dermal cells"—i.e., the dermis or dermal layer.  We do not find in the record, and Petitioner does not suggest, another way to interpret the limitation "concentration applied to the dermal cells" consistent with the ordinary meaning of the words "dermal cells."

Petitioner proposes that we construe the limitation "concentration applied to the dermal cells" to mean "a concentration . . . applied to an unbroken, epidermal layer of a region of the skin containing the dermal cells."  Pet. 27.  However, as noted in the Decision, there is no meaningful difference between the "epidermal layer of a region of the skin containing the dermal cells" recited in Petitioner's proposed claim construction, and the epidermis.  Dec. 9 n.4.  Petitioner's proposed construction is, thus, contrary to the language of the claim, because it changes the meaning of "dermal cells" to "epidermal cells."

Petitioner argues, in effect, that the ordinary meaning of the term "dermal cells" changes when it is considered "within the context of the immediately-preceding words '*applied to*,' and the *single recited application step*."  Req. Reh'g 3.  According to Petitioner, there is only one step in claim 1 in which adenosine is "applied" and that step requires application to the skin (which we interpreted to mean the epidermal layer of the skin).  Petitioner contends the claim term "applied" in the limitation "applied to the dermal cells" must be understood to refer back to this step of applying adenosine to the epidermal layer of the skin because, otherwise,

5

IPR2018-00778
Patent 6,423,327 B1

"the language '**the adenosine concentration applied**' would lack antecedent basis." *Id.* at 4. We are not persuaded.

As discussed in the Decision, the Specification discloses not only that adenosine may be topically applied to the epidermal layer of the skin, but also that adenosine so applied will penetrate the epidermis to reach the dermal layer. Dec. 10 (citing Ex. 1001, 5:13–14 ("For topical application, the penetration of the adenosine into skin tissue may be enhanced by a variety of methods known to those of ordinary skill in the art.")). Topical application of adenosine will, therefore, result in adenosine being brought into contact with both the epidermis and the dermis. As also discussed in the Decision, the specification provides examples in which a concentration of adenosine matching the high end recited in the claims ($10^{-4}$ M) is applied directly to dermal cells (fibroblasts), suggesting that the inventors considered it desirable for the dermal cells to receive the claimed concentration of adenosine. *Id.* In this context, the meaning of claim 1 is clear: adenosine is first topically applied to the epidermal layer of the skin and, only after it penetrates this outer skin layer, is a specific concentration ($10^{-4}$ M to $10^{-7}$ M) of the adenosine "applied" to the dermal cells.

Petitioner argues that our construction is incorrect because it "concludes that 'applied to the dermal cells' means 'reached' or 'received by' the dermal cells, or 'penetrates through' the skin to reach the dermal cells." Req. Reh'g 12. Petitioner asserts that "[s]uch an interpretation improperly alters the meaning of 'topically applying' and 'applied.'" *Id.*

This argument, however, fails to account for the context provided by the Specification which, as discussed above, teaches that adenosine will penetrate the skin. Particularly when considered in this context, we do not

6

IPR2018-00778
Patent 6,423,327 B1

read the term "applied" so narrowly as to exclude an application which reaches its target destination (here the "dermal cells") by passing through a layer that overlies the target destination (here the epidermis). This is consistent with the ordinary meaning of "apply" — i.e., "to bring into physical contact with or close proximity to." Ex. 3003 (definition 9 from dictionary.com (last accessed Oct. 26, 2018), *see also*, definition 8). Here, adenosine is brought into physical contact with the dermal cells. Nothing in the language of the claims, as interpreted in light of the intrinsic and extrinsic evidence, requires that adenosine be applied *directly* to the dermal cells.

Petitioner argues that we erred in failing to find a prosecution disclaimer. Req. Reh'g 5–10. More particularly, Petitioner argues that our acknowledgement that the Patent Owner "compared prior art concentrations of adenosine that were recited as a percentage of the ***total weight of the composition to the concentration recited in the claims as being 'applied to the dermal cells***'" requires that we find a prosecution disclaimer. *Id.* at 6 (internal citation omitted). We are not persuaded.

A prosecution history disclaimer must be clear and unambiguous. "[W]hile the prosecution history can inform whether the inventor limited the claim scope in the course of prosecution, it often produces ambiguities created by ongoing negotiations between the inventor and the PTO. . . . Therefore, the doctrine of prosecution disclaimer only applies to unambiguous disavowals." *Grober v. Mako Prods., Inc*., 686 F.3d 1335, 1341 (Fed. Cir. 2012) (citing *Abbott Labs. v. Sandoz, Inc*., 566 F.3d 1282, 1289 (Fed. Cir. 2009)). A "heavy presumption" exists in favor of the ordinary meaning of claim language. *Bell Atl. Network Servs., Inc. v. Covad*

E0000024

IPR2018-00778
Patent 6,423,327 B1

*Commc'ns Grp., Inc.*, 262 F.3d 1258, 1268 (Fed. Cir. 2001) (internal quotation marks and citation omitted).  To overcome this presumption, the patentee must "clearly set forth" and "clearly redefine" a claim term away from its ordinary meaning.  *Id.* (internal quotation marks and citations omitted).  The disavowal must be "unmistakable" and "unambiguous." *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1322 (Fed. Cir. 2013).  This standard is "exacting."  *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1366 (Fed. Cir. 2012).

Here, during prosecution, Patent Owner stated that the low end of the range recited in DE '107 (0.001% wt) "corresponds to 3.8 x $10^{-5}$ adenosine" which is "between the $10^{-4}$ M and $10^{-5}$ M concentrations recited in the claims."[4]  Ex. 1009, 84.  Patent Owner did not use this statement to distinguish the claimed adenosine concentration from a concentration disclosed in the prior art.  Rather, Patent Owner used it to support the argument that the "extremely broad range of adenosine concentrations listed in . . . [DE '107] is not supported by reality."  *Id.*  More specifically, Patent Owner argued that, although DE '107 disclosed a concentration of adenosine within the recited range, in contrast to the challenged claims, DE '107 taught (incorrectly accordingly to the Patent Owner) that this level of adenosine increases cell proliferation.  *Id.*

As recognized in our Decision (Dec. 11), although Patent Owner's comparison of the claimed concentration to a prior art concentration provides some support for Petitioner's proposed construction, it does not

---

[4] In our Decision, we cited this statement as an example of Patent Owner comparing the concentration of adenosine recited as a percentage of the total weight of the composition to the concentration recited in the claims as being "applied to the dermal cells."  Dec. 11.

E0000025

IPR2018-00778
Patent 6,423,327 B1

"clearly redefine" the phrase "applied to the dermal cells" or alter the scope
of the claims such that the recited concentration of adenosine need not reach
the dermal cells.  Nor does it disclaim subject matter found in the prior art
or, otherwise, "unmistakably" disavow application of the recited
concentration to the dermal cells.

This is particularly true when the statement is considered in the
context of the prosecution history as a whole.  *Ecolab, Inc., v. FMC Corp.*,
569 F.3d 1335, 1342 (Fed. Cir. 2009) ("Even if an isolated statement
appears to disclaim subject matter, the prosecution history as a whole may
demonstrate that the patentee committed no clear and unmistakable
disclaimer.").  Specifically, in arguing that the amount of adenosine recited
in DE '107 does not increase cell proliferation, Patent Owner submitted
results from tests in which adenosine was applied directly to dermal cells
(fibroblasts) at concentrations of $10^{-4}$ M and $10^{-5}$ M.  Ex. 1009, 84, 89–90.
This suggests that the inventors contemplated dermal cells receiving the
recited concentration of adenosine.  Patent Owner also relied on these test
results as the basis for the statement that "the presently claimed invention is
based on the demonstration that the recited concentrations of adenosine do
not increase cell proliferation."  Ex. 1009, 84.  Again, this suggests that "the
recited concentrations of adenosine" — i.e., the concentrations recited in the
claim — are those applied to the dermal cells.

In addition, as noted in the Decision, Patent Owner expressly
corrected the Examiner when the Examiner stated in the reasons for
allowance that the claims were directed to "administering adenosine at a
concentration of $10^{-4}$ M to $10^{-7}$ M, to the skin," stating "applicant notes that
the claimed concentration of adenosine is applied to the dermal cells."  Ex.

E0000026

IPR2018-00778
Patent 6,423,327 B1

1009, 117 (reasons for allowance) and 123 (Patent Owner's comments on reasons for allowance). This suggests that the Patent Owner did not intend for the concentration recited in the claims to be the concentration applied to the skin.

In sum, while the prosecution history does include a passage that is arguably consistent with Petitioner's proposed construction, it does not include an "unmistakable" and "unambiguous" disavowal, and does not "clearly set forth" and "clearly redefine" the phrase "applied to the dermal cells."

Petitioner argues that our claim construction is erroneous because it "lacks both enablement and written description support." Req. Reh'g 13. We are not persuaded for the reasons discussed at length in the Decision. Dec. 13–15.

Petitioner argues that we misapplied *Chef America, Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371 (Fed. Cir. 2004), "by not affording proper weight to the context of the claim, specification, and file history." Req. Reh'g 14. More particularly, Petitioner asserts that, in contrast to our Decision, which Petitioner asserts "merely dismiss[es] construction of the challenged claim term as 'unambiguous,' the court in *Chef America* properly conducted a thorough analysis of the claim language, specification, and file history to determine that the specification supported, and patentee there intended for, the meaning of the term . . . [at issue] in view of the prosecution." *Id.* at 14–15. We are not persuaded because, as explained in the Decision, our construction is also supported by the claim language, the specification, and the prosecution history. Dec. 8–15.

E0000027

IPR2018-00778
Patent 6,423,327 B1

Accordingly, Petitioner has not persuaded us that we have misapprehended or overlooked any matters with respect to our decision to deny institution.  37 C.F.R. § 42.71(d).

## III.   CONCLUSION

For the foregoing reasons, we conclude that Petitioner has not shown that the Board abused its discretion in denying institution of the challenged claims.  *See* 37 C.F.R. § 42.71(d).

## ORDER

Accordingly, it is

ORDERED that Petitioner's Request for Rehearing is *denied.*

PETITIONER:

Michelle E. O'Brien
Timothy J. Murphy
Joanna Cohn
THE MARBURY LAW GROUP, PLLC
mobrien@marburylaw.com
tjmurphy@marburylaw.com
jcohn@marburylaw.com

PATENT OWNER:

Matthew B. Lowrie
Stephen B. Maebius
Lucas Silva
FOLEY & LARDNER LLP
mlowrie@foley.com
smaebius@foley.com
lsilva@foley.com

11

# EXHIBIT 4

# REDACTED

<u>**CERTIFICATION OF COMPLIANCE**</u>

The foregoing document complies with the type-volume limitation of this Court's March 2, 2020 form Scheduling Order For All Cases where Infringement is Alleged. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 535 words, excluding the case caption, signature block, table of contents and table of authorities.

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

Dated: October 2, 2020