# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF MASSACHUSETTS and CARMEL LABORATORIES LLC,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>L'ORÉAL USA, INC.,  )<br>)<br>Defendant.  ) | C.A. No. 17-868-CFC-SRF<br><br>**PUBLIC VERSION** |

## MOTION NO. 2:  L'ORÉAL USA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS OF THE SKIN ENHANCEMENT CLAIM LIMITATION

OF COUNSEL:
Eric W. Dittmann
Isaac S. Ashkenazi
Nicholas A. Tymoczko
Karthik R. Kasaraneni
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166

Naveen Modi
Joseph E. Palys
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, D.C. 20036

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

Dated:  October 16, 2020

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendant*
*L'Oréal USA, Inc.*

# **TABLE OF CONTENTS**

                                                                                                                                     **Page**

I.      Introduction ............................................................................................................1

II.     Plaintiffs Misstate the Claim Construction Record .........................................1

III.    Plaintiffs Ignore the Necessity of Skin Enhancement to the Claims ...............2

IV.    The "Enhance the Condition of the Skin" Language Is Indefinite ..................4

V.     Conclusion ............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cruciferous Sprout Litig.*,
   301 F.3d 1343 (Fed. Cir. 2002) ...........................................................................3

*Dow Chem. Co. v. Nova Chem. Corp. (Canada)*,
   803 F.3d 620 (Fed. Cir. 2015) ..............................................................................6

*HZNP Med. LLC v. Actavis Labs. UT, Inc.*,
   940 F.3d 680 (Fed. Cir. 2019) .........................................................................2, 3

# **TABLE OF EXHIBITS**[1]

| Exhibit No. | Document |
|---|---|
| 1 | U.S. Patent No. 6,423,327, issued to Dobson, Jr. et al. on July 23, 2002 |
| 5 | Declaration of Gerald B. Kasting, Ph.D., containing true and correct excerpts from the Expert Report of Professor Gerald B. Kasting, Ph.D., dated June 26, 2020 |
| 12 | Excerpts from the Rebuttal Expert Report of Bozena Michniak-Kohn, Ph.D. Regarding Validity, dated July 21, 2020 |
| 17 | Excerpts from the deposition transcript of James Dobson, taken May 27, 2020 |
| 18 | Defendant's Exhibit 1, entered during the deposition of James Dobson, taken May 27, 2020 |
| 24 | Excerpts from the prosecution history of U.S. Application No. 09/672,348 (later issued as U.S. Patent No. 6,423,327) |
| 33 | Excerpts from the Claim Construction hearing transcript, dated April 6, 2020 |
| 44 | Excerpts from the deposition transcript of Bozena Michniak-Kohn, Ph.D., taken August 18, 2020, portions of which were previously submitted as Exhibit 22 |
| 45 | Excerpts from Plaintiffs' First Supplemental Responses and Objections to Defendant's First Set of Interrogatories, dated May 1, 2020, portions of which were previously submitted as Exhibit 30 |
| 47 | Email chain between counsel for Plaintiffs and counsel for L'Oréal USA, dated December 27, 2019 |

---

[1] "Ex. __" refers to exhibits attached to the Declaration of Nicholas A. Tymoczko in Support of L'Oréal USA, Inc.'s *Daubert* and Summary Judgment Motions (D.I. 286), containing Exhibits 1-38, and the Second Declaration of Nicholas A. Tymoczko in Support of L'Oréal USA, Inc.'s *Daubert* and Summary Judgment Motions, submitted herewith, containing Exhibits 39-49.

Citations to "RSOF" refer to Plaintiffs' Responsive Concise Statement of Facts. (D.I. 319.)

| Exhibit No. | Document |
|---|---|
| 49 | Excerpts from the parties' Joint Claim Construction Brief (D.I. 97), filed March 6, 2020, portions of which were previously submitted as Exhibit 32 |

## I. INTRODUCTION

Plaintiffs do not dispute that multiple methods may be used to assess whether skin condition has been enhanced, as required by the claims, and do not even address that such assessment may be purely subjective according to the patents-in-suit. Instead, they mischaracterize L'Oréal USA's motion as an attempt to relitigate claim construction, ignore that the issues presented by the instant motion were not previously before or decided by the Court, and then ask the Court to give force to only selective portions of the claims. Those arguments fail. Plaintiffs cannot avoid the claims' plain language: the method requires enhancing the condition of the skin. And because the scope of this requirement is not reasonably certain, the patents-in-suit are indefinite.

## II. PLAINTIFFS MISSTATE THE CLAIM CONSTRUCTION RECORD

Plaintiffs are wrong that the Court previously decided whether the claim language "topically applying to the skin a composition comprising a concentration of adenosine in an amount *effective to enhance the condition of the skin without increasing dermal cell proliferation*" satisfies the definiteness requirement. The only issue at *Markman* was the construction of "wherein the adenosine concentration applied to the dermal cells is [numerical range]," and that is all the

-1-

Court's Order addressed. (Ex. 49 at 1; D.I. 114.)[2] The different claim language implicated by this motion was not proposed for construction and was not before the Court. (*Compare* Ex. 1, 10:21-24, *with id.*, 10:25-26.) Plaintiffs quote the Court's reference during *Markman* to the overall structure of the claim (Ex. 33 at 56:19-57:24) to argue otherwise, but the Court did not analyze—much less decide the definiteness of—the "enhance the condition of the skin" language.

### III. PLAINTIFFS IGNORE THE NECESSITY OF SKIN ENHANCEMENT TO THE CLAIMS

Plaintiffs try to have it both ways when they argue that other wording within that same claim phrases ("without increasing dermal cell proliferation") is limiting. (D.I. 310 at 11-12; *see also* Ex. 45 at 27, 29, 31-32.) The patentee cannot pick and choose which parts of its patents are limitations, and which are not, to suit its litigation desires.[3] This claim language, which is in the body of the claim, cannot be rendered inconsequential, as Plaintiffs propose. *HZNP Med. LLC v. Actavis*

---

[2] Unless otherwise noted, all emphases have been added and all internal citations, modifications, and quotations have been omitted.

[3] Indeed, Plaintiffs do not dispute that they previously proposed this term for construction, thereby acknowledging it as a limitation (even if this was done, as they suggest, in response to indefiniteness arguments). (Br. at 10.) Despite Plaintiffs' insinuation to the contrary, the parties ultimately chose not to address indefiniteness during *Markman* because the issue is not what the words of the claims mean, but rather whether they reasonably inform their boundaries in light of the multiple measurement methods that can be used. (Ex. 47 at 2-3.)

*Labs. UT, Inc.*, 940 F.3d 680, 692 (Fed. Cir. 2019) ("[C]laim language should not be treated as meaningless.").[4]

Plaintiffs' predictable, but incorrect, argument that the preamble is non-limiting fares no better. The language at issue is not just in the preamble, but also the claim body. (D.I. 279 at 9.) And Plaintiffs do not and cannot dispute they expressly identified this preamble language as a "limitation[]" (Ex. 45 at 31), but instead point to an ambiguous statement from an earlier response to the same interrogatory (Br. at 10). Even there, though, Plaintiffs made clear that this claim language was limiting by arguing that the prior art does "not disclose a ***method of enhancing skin condition***." (Ex. 45 at 27-28.) In any event, Plaintiffs conceded in their opposition that the preamble's recitation of "unbroken skin" was used to distinguish the prior art during prosecution. (Br. at 6-7.) *See, e.g.*, *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1347 (Fed. Cir. 2002) (holding preamble language to be limiting when relied on "during prosecution to distinguish the claimed invention from the prior art"). That follows from Plaintiffs' prosecution argument that the preamble was added to "mov[e] this application towards allowance," *i.e.*, to obtain the patent, and Plaintiffs cannot now credibly argue that

---

[4] Were it otherwise, $10^{-7}$ M adenosine could reach only the very top of the dermal cells for no more than a moment with no effect; but, according to Plaintiffs, that would constitute infringement. (Ex. 44 at 103:3-21, 108:9-109:8.)

only portions of the preamble are limiting. (Ex. 24 at CARMEL LABS_00000793.) This is especially true given that, in distinguishing the prior art, Plaintiffs stated that "Applicants apply adenosine as a cosmetic approach to enhance the condition or complexion of the skin."[5] (Ex. 24 at CARMEL LABS_00000796.)

## IV. THE "ENHANCE THE CONDITION OF THE SKIN" LANGUAGE IS INDEFINITE

It is undisputed that the "enhance the condition of the skin" language is a term of degree, and that (1) the specification expressly allows for "subjective evaluations" as an alternative to objective methods and (2) Plaintiffs' own named inventor confirmed that subjective assessments alone suffice. (RSOF, ¶¶ 5-8, 10.) Plaintiffs ignore these dispositive points in opposition, and the inquiry should end here. (*See* D.I. 279 at 6-7 and cases cited therein.)[6]

---

[5] The unpublished Eastern District of Texas case cited by Plaintiffs (Br. at 10) is inapposite because there can be no argument that a concrete aspect of the method claims at issue here (*i.e.*, achieving enhanced skin condition) is simply the "environment" of the claimed method.

[6] Plaintiffs purport to dispute that their expert has acknowledged that "a subjective assessment may be used to determine whether the condition of the skin has been enhanced" (RSOF, ¶ 9), but the sole paragraph of her report cited is silent with respect to subjective evaluations, and she did not challenge Dr. Kasting's opinions regarding this issue. (*Compare* Ex. 5, ¶¶ 258-60, *with* Ex. 12, ¶¶ 181-88.)

Plaintiffs also do not dispute that there are multiple different methods for assessing the vague concept of whether skin "condition" has been "enhance[d]." (RSOF, ¶ 12.)  Their argument that there is "no evidence" of "conflicting results" generated by these different methods (Br. at 11-12) is unsupported, since both Dr. Kasting and Dr. Dobson testified to the exact opposite.  (Ex. 5, ¶¶ 259-62 (noting, *e.g.*, (1) that assessments are "liable to give conflicting results," (2) the discrepancy between patient and investigator evaluations, and (3) that "given methods or tests may generate different results"); Ex. 17 at 171:1-15; SOF, ¶¶ 11-12; RSOF, ¶ 13.)[7] Plaintiffs cite the patents-in-suit (RSOF, ¶ 11), but they make no claim (nor can they) that all the different permitted subjective and objective methodologies give the same outcome.  They also cite:  (1) paragraph 186 of Dr. Michniak-Kohn's report (Ex. 12), but that too is silent on this point and thus cannot create a genuine issue of material fact; and (2) the *Markman* hearing transcript, which neither addressed the issue nor constitutes evidence.  None of this can defeat summary judgment on the legal issue of indefiniteness.

Plaintiffs also argue that the patents-in-suit identify a method for measuring one of the parameters of skin condition ("fine lines and wrinkles"), but that does

---

[7] Plaintiffs' last-ditch effort to now disparage their own inventor (Br. at 11) is to no avail since he was also testifying as Plaintiffs' Rule 30(b)(6) witness on these topics, and their expert acknowledged Dr. Dobson's authority regarding this subject.  (Ex. 17 at 37:14-38:5; Ex. 18 at 10 (No. 31); Ex. 44 at 126:3-9.)

not address the remaining parameters (roughness, dryness, or laxity).  Indeed, Plaintiffs' expert acknowledged that other methods of assessing skin enhancement exist and did not opine that the patents-in-suit endorsed a particular method. (*Compare* Ex. 12, ¶¶ 187-88 ("the asserted patents provide *flexibility* for the skilled artisan to select the desired assessment standard"), *with* RSOF, ¶ 14.)  To be clear, the patents-in-suit in no way limit enhancing the condition of skin to one type of test, and explicitly state otherwise.  (Ex. 1, 5:44-6:4.)  This supposed "flexibility" that Plaintiffs have embraced, presented without guidance, only reinforces the indefiniteness of the patents-in-suit.  *See Dow Chem. Co. v. Nova Chem. Corp. (Canada)*, 803 F.3d 620, 634-35 (Fed. Cir. 2015).

## V.   CONCLUSION

L'Oréal USA respectfully requests that the Court grant its motion.

Of Counsel:

Eric W. Dittmann
Isaac S. Ashkenazi
Nicholas A. Tymoczko
Karthik R. Kasaraneni
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000

Naveen Modi
Joseph E. Palys
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, D.C. 20036
(202) 551-1700

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
(310) 274-7100

Dated:  October 16, 2020

/s/ Katharine L. Mowery
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendant L'Oréal USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF which will send notification of such filing to counsel of record and I further certify that a true and correct copy of the foregoing document was caused to be served on the following counsel of record as indicated:

**VIA ELECTRONIC MAIL:**
Brian E. Farnan
Michael J. Farnan
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Matthew Lowrie
Foley & Lardner LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199
(617) 342-4000
mlowrie@foley.com

**VIA ELECTRONIC MAIL:**
William C. Carmody
Tamar E. Lusztig
Beatrice C. Franklin
Nicholas C. Carullo
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
(212) 336-8330
bcarmody@susmangodfrey.com
tlusztig@susmangodfrey.com
bfranklin@susmangodfrey.com
ncarullo@susmangodfreycom

Justin A. Nelson
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-9366
jnelson@susmangodfrey.com

*/s/ Katharine L. Mowery*
Katharine L. Mowery (#5629)
mowery@rlf.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

The foregoing MOTION NO. 3: L'ORÉAL USA'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF ANTICIPATION complies with the type-volume limitations of Paragraph 19(c) of the Scheduling Order (D.I. 46). The text of this brief, including footnotes, was prepared in Times New Roman 14-point. According to the word processing system used to prepare it, this brief contains 1174 words, excluding the case caption, tables, and signature block. Defendant L'Oréal USA's *Daubert* and summary judgment reply briefs are a combined 6,227 words, excluding the case captions, tables, and signature blocks.

October 16, 2020               */s/ Katharine L. Mowery*
                               Katharine L. Mowery (#5629)