# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF MASSACHUSETTS and CARMEL LABORATORIES LLC,<br><br>            Plaintiffs,<br><br>    v.<br><br>L'ORÉAL USA, INC.,<br><br>            Defendant. | C.A. No. 17-868-CFC-SRF<br><br>**PUBLIC VERSION** |

## RULE 56(C)(2) OBJECTIONS TO, AND REQUEST TO STRIKE, PLAINTIFFS' NEW EXPERT DISCLOSED FOR THE FIRST TIME IN THEIR REPLY BRIEF

OF COUNSEL:
Eric W. Dittmann
Isaac S. Ashkenazi
Bruce M. Wexler
Nicholas A. Tymoczko
Karthik R. Kasaraneni
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166

Naveen Modi
Joseph E. Palys
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, D.C. 20036

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
BROWNE GEORGE ROSS O'BRIEN
ANNAGUEY & ELLIS LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendant*
*L'Oréal USA, Inc.*

Dated: October 23, 2020

For the first time in a reply brief on summary judgment—long after the close of fact and expert discovery (*see* Addendum A)—Plaintiffs submitted a declaration by a previously undisclosed expert, Dr. Ryan Cheu ("the Cheu Declaration"), who (i) never served a report under Fed. R. Civ. P. 26 or disclosed the information required by that rule, (ii) claims to have performed testing never before disclosed, and (iii) refers to information still not disclosed. (D.I. 355, Ex. 3, AppxF000018-29; D.I. 355, Ex. 4, AppxF000030-31 (citing D.I. 355, Ex. 3).) Plaintiffs' actions contravene so many orders and rules that it is hard to tally. L'Oréal USA objects to the new expert declaration and information cited therein on the grounds set forth below, and respectfully requests that they be stricken, together with the portions of Plaintiffs' reply submissions that refer to these materials.[1]

*First*, Plaintiffs' insertion of the Cheu Declaration into a reply brief submission violated the Scheduling Order (D.I. 46 at ¶ 18(a)), which specified three rounds of expert reports, completed by August 7, and expressly stated no further reports would be permitted without prior leave of the Court. (D.I. 202 at 2; D.I. 46 at ¶ 18(a).) *Second*, Plaintiffs violated D. Del. L.R. 7.1.3(c)(2), which provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."

---

[1] L'Oréal USA could not object in its summary judgment briefs because Plaintiffs disclosed their new expert for the first time in reply.

Disclosing a new expert for the first time in one's own reply brief is the epitome of a rule violation warranting exclusion.  *See, e.g.*, *INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*, No. 11-1007, 2013 WL 3216109, at *3 & n.8, *5 (D. Del. June 25, 2013); *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463-64 & n.11 (D. Del. 2005), *rev'd on other grounds*, 543 F.3d 1306 (Fed. Cir. 2008).

*Third*, Plaintiffs also violated at least Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi), (a)(2)(D), and (b)(4)(A).  They failed to timely identify the expert; submit a complete report; produce all facts and data considered by the expert as well as his publications; disclose his prior cases, prior testimony, and compensation; and make him available for a deposition in accordance with the Scheduling Order based on all of that information (with an opportunity to examine their other experts in light of that information).  Dr. Cheu even purports to cite new publications never disclosed in fact or expert discovery, or cited by any other expert.  The new Cheu opinions would have been improper even if submitted with Plaintiffs' opening summary judgment briefs; that they waited for reply underscores their efforts to shield Dr. Cheu and his opinions (and their other expert's reliance on him) from the scrutiny contemplated by the Federal Rules.  Because Dr. Cheu's opinions are inadmissible at trial, *see, e.g.*, Fed. R. Civ. P. 37(c)(1); *INVISTA*, 2013 WL 3216109, at *2, they are also objectionable on summary judgment, Fed. R. Civ. P. 56(c)(2).

Plaintiffs' tactics obviously create unfair prejudice. L'Oréal USA has had no opportunity to scrutinize the underlying information (including, for example, laboratory notebooks and underlying data, which still remain unproduced) and to examine Dr. Cheu or Plaintiffs' other experts (including Dr. Michniak-Kohn, who now purports to rely on Dr. Cheu in reply) about Dr. Cheu's opinions. Nor have L'Oréal USA's experts had a chance to consider Dr. Cheu's opinions and information.

Moreover, the small amount of information disclosed raises substantial questions about the timing. For example, Dr. Cheu claims he finished testing "the first formulations" approximately four weeks after July 27, which would therefore have been around August 24 (D.I. 355, Ex. 3, AppxF000019, ¶¶ 5-7), before the August 28 expert deposition deadline (D.I. 202 at 2). Yet, Plaintiffs do not explain, let alone justify, their failure to disclose Dr. Cheu or the fact of his testing any time before reply briefing. Instead, the timing and manner of production of Dr. Cheu's work prevents actual scrutiny.[2] At this late stage—with expert discovery closed and summary judgment briefing complete—the unfair prejudice cannot be cured by allowing new expert reports and restarting expert discovery and

---

[2] In the context of their infringement testing, for example, discovery revealed Plaintiffs retested many products *when their first tests did not show infringement*. (D.I. 275 at 8.)

depositions with respect to the impacted experts. Nor should L'Oréal USA be forced to incur the increased burden and expense associated with such extraordinary measures.

Plaintiffs ask the Court to turn a blind eye to their violations of orders and rules by claiming that they needed additional time to conduct this testing. Even if they did need more time (which would appear to be a product of their own choices), that still begs the question why they never mentioned Dr. Cheu before their reply brief, and never sought to adjust the schedule during expert discovery so as to provide more time for proper disclosure to L'Oréal USA and appropriate scrutiny. Plaintiffs knew as early as December 13, 2019, that L'Oréal USA contended that prior art references DE107 and JP153 (*i.e.*, the references Dr. Cheu claims he tested) anticipated the asserted claims. (D.I. 326 at 3-4, 12 n.5, 15; D.I. 330, Ex. AA at 22-23, 32-37.) They could have tested that prior art from at least then on. On June 4, 2020, L'Oréal USA made an advanced production of its own expert's testing of that prior art before the expert report was even served, ensuring Plaintiffs had full disclosure with the expert reports; they would have had nearly seven weeks to conduct testing before the rebuttal report deadline if they wished. (D.I. 326 at 5; D.I. 331, Ex. SS at 5-6; D.I. 202 at 2.) Plaintiffs did not disclose that they actually were engaging in prior art testing with Dr. Cheu, nor did they ask for additional time to do so. Instead, having secretly engaged Dr. Cheu, they

proceeded through expert discovery, submitting reports by other experts discussing their own purported infringement testing and L'Oréal USA's prior art testing, and completed depositions of all experts on these subjects, at the same time knowing of Dr. Cheu's concealed work. (D.I. 326 at 6, 15-16.)

Nor did Plaintiffs speak up when the parties filed cross-motions for summary judgment of anticipation. By Plaintiffs' own admission, Dr. Cheu had *completed* his initial tests by approximately August 24 (D.I. 355, Ex. 3, AppxF000019, ¶¶ 5-7)—before the close of expert discovery and before opening summary judgment briefs were filed. (*See* Addendum A.) Yet Plaintiffs waited approximately *another two months* to disclose the existence of Dr. Cheu and his testing in their reply brief. In doing so, Plaintiffs cavalierly and improperly tell the Court in a reply on a meritless motion to strike (D.I. 367 at 14; D.I. 326) that the Court should grant leave for them to submit a new expert report.

For the foregoing reasons, L'Oréal USA objects to the Cheu Declaration (D.I. 355, Ex. 3, AppxF000018-29) and the information and documents cited therein (*id.*), and requests that they be stricken. L'Oréal USA further objects to the October 16, 2020 Declaration of Dr. Bozena Michniak-Kohn, which relies on Dr. Cheu's opinions (*id.*, Ex. 4, AppxF000030-31), and the portions of Plaintiffs' reply briefs that do the same (D.I. 354 at 2-3, 4-5; D.I. 367 at 1, 9, 11-12, 13-14), and requests that they likewise be stricken.

| | |
|---|---|
| Of Counsel:<br><br>Eric W. Dittmann<br>Isaac S. Ashkenazi<br>Bruce M. Wexler<br>Nicholas A. Tymoczko<br>Karthik R. Kasaraneni<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6000<br><br>Naveen Modi<br>Joseph E. Palys<br>PAUL HASTINGS LLP<br>2050 M Street N.W.<br>Washington, D.C. 20036<br>(202) 551-1700<br><br>Dennis S. Ellis<br>Katherine F. Murray<br>Serli Polatoglu<br>BROWNE GEORGE ROSS<br>O'BRIEN ANNAGUEY &<br>ELLIS LLP<br>2121 Avenue of the Stars<br>Suite 2800<br>Los Angeles, California 90067<br>(310) 274-7100<br><br>Dated:  October 23, 2020 | */s/ Katharine L. Mowery*<br>Frederick L. Cottrell, III (#2555)<br>Jeffrey L. Moyer (#3309)<br>Katharine L. Mowery (#5629)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>moyer@rlf.com<br>mowery@rlf.com<br><br>*Attorneys for Defendant L'Oréal USA, Inc.* |

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF which will send notification of such filing to counsel of record and I further certify that a true and correct copy of the foregoing document was caused to be served on the following counsel of record as indicated:

**VIA ELECTRONIC MAIL:**
Brian E. Farnan
Michael J. Farnan
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Matthew Lowrie
Foley & Lardner LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199
(617) 342-4000
mlowrie@foley.com

**VIA ELECTRONIC MAIL:**
William C. Carmody
Tamar E. Lusztig
Beatrice C. Franklin
Nicholas C. Carullo
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
(212) 336-8330
bcarmody@susmangodfrey.com
tlusztig@susmangodfrey.com
bfranklin@susmangodfrey.com
ncarullo@susmangodfreycom

Justin A. Nelson
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-9366
jnelson@susmangodfrey.com

*/s/ Katharine L. Mowery*
Katharine L. Mowery (#5629)
mowery@rlf.com