**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNIVERSITY OF MASSACHUSETTS and CARMEL LABORATORIES, LLC, | |
| Plaintiffs, | C.A. No. 17-cv-868-CFC-SRF |
| v. | **FILED UNDER SEAL** |
| L'ORÉAL USA, INC., | |
| Defendant. | |

[**PROPOSED] PRETRIAL ORDER**

This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and the below named attorneys having appeared as counsel for Plaintiffs University of Massachusetts and Carmel Laboratories, LLC (together, "Plaintiffs") and the below named attorneys having appeared as counsel for Defendant L'Oréal USA, Inc. ("L'Oréal USA"[1] or "Defendant"), the following actions were taken:

---

[1] [**Plaintiffs' Position**: Plaintiffs object to referring to Defendant as "L'Oréal USA" rather than "L'Oréal," which will be confusing to the jury.] [**L'Oréal USA's Position:** L'Oréal USA disagrees with Plaintiffs' position.  It would be confusing not to refer to Defendant by its corporate name, L'Oréal USA, including because, *inter alia*, the Court previously dismissed parent company "L'Oréal S.A." from this action in May 2019 (*see* D.I. 36) and Plaintiffs intend to reference activities by L'Oréal S.A. and confuse those with L'Oréal USA at trial.]

1

## I.    NATURE OF THE ACTION

1.     This is an action for patent infringement. Plaintiffs' First Amended Complaint (D.I. 13) alleges direct and indirect infringement of U.S. Patent Nos. 6,423,327 and 6,645,513 (the "Asserted Patents" or the "patents-in-suit"), as well as willful infringement of the Asserted Patents.

2.     In its Answer and Defenses to Plaintiffs' First Amended Complaint for Patent Infringement and Counterclaims (D.I. 38), L'Oréal USA denied that it directly, indirectly, or willfully infringed the Asserted Patents and raised various defenses, including, *inter alia*, noninfringement and invalidity.  L'Oréal USA also asserted counterclaims for declaratory judgments of noninfringement and invalidity.

## II.   JURISDICTION

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Jurisdiction is not disputed.

## III.  STATEMENT OF ADMITTED FACTS

4.     A statement of all uncontested facts, which will become a part of the evidentiary record in the case, and which, in a jury trial, may be read to the jury by the Court or any party,[2] in which case the party reading the facts will be charged for the time used to do so, is attached as Exhibit 1.

---

[2] Save as set forth within that statement of uncontested facts.

## IV.    ISSUES OF FACT

5.    Plaintiffs' statement of issues of fact are attached as Exhibit 2.

6.    Defendant's statement of issues of fact are attached as Exhibit 3.

7.    Should the Court determine that any issue identified in a party's statement of issues of fact that remain to be litigated is more properly considered an issue of law, it should be so considered.

## V.    ISSUES OF LAW

8.    Plaintiffs' statement of issues of law is attached as Exhibit 4.

9.    Defendant's statement of issues of law is attached as Exhibit 5.

10.    Should the Court determine that any issue identified in a party's statement of issues of law that remain to be litigated is more properly considered an issue of fact, it should be so considered.

## VI.    EXHIBITS AND DEMONSTRATIVES

### A.    Exhibits

11.    Plaintiffs' exhibit list with Defendant's objections is attached as Exhibit 6.  [**L'Oréal USA's Position:** More than one month after Plaintiffs' trial exhibits were due and less than three days before the pretrial order was to be filed, Plaintiffs sought to add approximately 60 documents to their exhibit list, including two previously undisclosed compilations of evidence drawing from numerous different documents, as well as adding 38 separate documents to a previously

3

identified exhibit.  L'Oréal USA objects to these untimely additions as violating the Court's Local Rules.  Plaintiffs' untimely disclosure of the proposed compilation exhibits (PX-2353 and PX-2354) has prejudiced L'Oréal USA by depriving it of the time and opportunity to analyze those exhibits and prepare comparable exhibits, if necessary.] [**<u>Plaintiffs' Response:</u>** Over four months before trial, Plaintiffs added approximately 20 exhibits to their exhibit list—not the 60 exhibits L'Oréal claims. The summary exhibits added to Plaintiffs' exhibit list at that time (PX-2353 and PX-2354) consist almost entirely of documents that were already identified on Plaintiffs' original exhibit list, served back in December 2020. Also in December (over five months before trial and over a month before the pretrial order deadline), Plaintiffs identified their expert testing reports as an exhibit, and merely clarified recently that each such report (which are also on L'Oréal's trial exhibit list) is included. In any event, all of these documents were raised repeatedly in the parties' motions for summary judgment, expert reports, and during discovery. L'Oréal does not, and cannot, articulate any possible prejudice arising from Plaintiffs' use of these documents at trial, where they have been well known to L'Oréal for the better part of a year, and were added to Plaintiffs' exhibit list over four months before trial and before the pretrial order was to be filed.]

12.    Defendant's exhibit list with Plaintiffs' objections is attached as Exhibit 7.  A key to the objection codes is appended to each parties' trial exhibit list.

13.     The descriptions of documents in Exhibits 6-7 are for convenience of the parties and the Court only, and do not constitute admissions about the content or admissibility of the documents described, or other aspects of the documents.  The parties agree that any date listed on an exhibit list is provided for convenience only and is neither evidence nor an admission of the date of the document, and that failing to list a date on an exhibit list is neither evidence nor an admission of whether the document is dated.

14.     A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

15.     [**L'Oréal USA's Proposal:** Each party reserves the right to object to the relevance of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.]

16.     Each party reserves the right to introduce into evidence any exhibit(s) listed on the other party's exhibit list.  The fact that an exhibit is listed on one party's exhibit list, however, does not mean that that party believes the exhibit would be admissible if offered by the other party.  If a party attempts to introduce an exhibit listed only on the other party's exhibit list, the listing party reserves the right to object to such introduction at that time, and is not expected to list objections to its own exhibits as part of the pretrial order.  A party does not waive its objections to an exhibit by including it on its own exhibit list.

17.     Documents not listed on a party's exhibit list may not be offered into evidence absent good cause shown or by agreement of the parties.

18.     Any document listed on either party's exhibit list not offered into evidence may still be used at trial for the purpose of [**L'Oréal USA's Proposal**: cross-examination,[3]] impeachment, refreshing recollection, rehabilitation, or other proper purpose, if otherwise competent for such purposes.

19.     Nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.  At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

20.     Legible copies of United States patents, prosecution histories, and the contents of United States and foreign patents and patent applications and translations thereof (if in English or translated into English) may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

21.     Legible photocopies of documents may be offered and received into

---

[3] [**L'Oréal USA's Position**:  L'Oréal USA's proposed inclusion of "cross-examination" in Paragraphs 18, 23, and 24 do not alter the provisions of Paragraph 17 of the pretrial order.]

evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.

22.     The parties shall make available for inspection physical exhibits to be used at trial, labeled with an exhibit number.

23.     Documents, deposition transcripts, or portions thereof, or other items not specifically identified herein or offered into evidence, may still be used at trial for purposes of [**L'Oréal USA's Proposal:** cross-examination,] impeachment, or rehabilitation, if otherwise competent for such purposes.

24.     Documents not offered into evidence to be used solely for [**L'Oréal USA's Proposal:** cross-examination and/or ] impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

25.     Subject to and in addition to the above, binders containing copies of exhibits for planned use during direct examination or cross-examination of a witness shall be exchanged at the beginning of the direct examination or cross-examination of the witness.  A party shall not be precluded from using a document for cross-examination for the sole reason that it was not provided in such a binder.

26.     The parties agree to exchange the exhibit numbers of all exhibits on a witness-by-witness basis that will be used during direct examination by **7:00 PM**

**Eastern time one calendar day** before the witness is called, with any objections to their use due by **9:00 PM Eastern time the same day**.  The parties shall meet and confer by **10:00 PM Eastern time that same day** to resolve such objections.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall raise its objections with the Court prior to the witness being called to the witness stand and no later than the morning of the exhibit(s)' anticipated use.  Exhibits used during cross-examination or direct examination of an adverse witness need not be exchanged.

27.     Each party will give notice by **6:00 PM Eastern time one calendar day prior** to when it anticipates it will complete the presentation of its evidence in its case-in-chief.  [**L'Oréal USA's Proposal:** When a party provides notice that it anticipates it will complete the presentation of its evidence in its case-in-chief, the party receiving said notice may provide disclosures by 8:00 PM that would otherwise be due at 7:00 PM on the day the party received said notice.]

### B.    Demonstratives

28.     Demonstratives need not be included in the parties' respective exhibit lists.

29.     Plaintiffs' demonstratives will be identified with "PDX" numbers. Defendant's demonstratives will be identified with "DDX" numbers.

30.     [**L'Oréal USA's Proposal:** The parties will exchange demonstratives

to be used in opening statements by **12:00 PM Eastern time one calendar day before opening statements**.  The parties will provide any objections to such demonstratives by **4:00 PM Eastern time one calendar day before opening statements**.  The parties shall meet and confer by **5:00 PM Eastern time one calendar day before** their intended use in order to resolve any objections.  If good faith efforts to resolve the objections fail, the party objecting to the demonstratives shall raise its objections with the Court prior to openings.]

31.    A party will provide demonstratives to be used in connection with [**Plaintiffs' Proposal**: opening statements and] direct examination on a witness-by-witness basis [**L'Oréal USA's Proposal:** and for closing statements] by **7:00 PM Eastern time one calendar day before** their intended use, and objections will be provided no later than **9:00 PM Eastern time one calendar day before** their intended use.  The parties shall meet and confer by **10:00 PM Eastern time one calendar day before** their intended use in order to resolve any objections.  If good faith efforts to resolve the objections fail, the party objecting to the demonstratives shall raise its objections with the Court prior to the witness being called to the witness stand or its intended use and no later than the morning of the demonstrative(s)' anticipated use.

32.    The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  For video or

animations, however, the party seeking to use the demonstrative will provide it to the other side on a flash drive, DVD, CD or other electronic means (*e.g.*, FTP or similar file sharing site, or email).  For irregularly sized physical demonstratives, the party seeking to use the demonstrative will provide a color representation as a PDF of the demonstrative.

33.    These disclosure provisions apply to demonstratives created for illustrative purposes for trial, and do not apply to demonstratives created during testimony, or to demonstratives used for cross-examination, neither of which need be provided to the other side in advance of their use.  These disclosure provisions also do not apply to demonstratives consisting solely of reproductions of trial exhibits that contain enlargements, highlighting, underlining, or the like.

34.    Demonstratives may not be used by the opposing party prior to being used by the disclosing party.

35.    Demonstratives shall not be admitted into evidence.

36.    Copies of demonstratives shall not be provided to the jury, except upon agreement of the parties or as otherwise ordered by the Court.

## VII.   WITNESSES

37.    A list of names of the potential witnesses to be called by Plaintiffs is attached as Exhibit 8.  Exhibit 8 also includes Defendant's objections to Plaintiffs' list of witnesses. Plaintiffs contend that Defendant's objections to their witness list

are unnecessary and improper.

38.    A list of names of the potential witnesses to be called by Defendant is attached as Exhibit 9.

39.    The parties agree to exchange witness names and whether they will be called live or by deposition by **6:00 PM Eastern time 30 days in advance of trial commencing**.  The parties further agree that each party will identify by e-mail to the opposing counsel the witnesses they intend to call, and in what order, by **7:00 PM Eastern time two calendar days before** such witnesses will be called to testify. **[L'Oréal USA's Proposal:** The receiving party shall notify the identifying party of any objection to the disclosed witnesses testifying by **9:00 PM Eastern time the same night**.  The parties shall meet and confer on all objections to the disclosed witnesses by **10:00 PM Eastern time the same night**.  Any dispute as to witnesses shall be raised with the Court no later than the morning of the day the witness is expected to testify, before trial begins or resumes.**]**

40.    **[L'Oréal USA's Proposal:** With the exception of witnesses to provide foundation or authenticate an exhibit as provided in this Paragraph, any witness not listed will be precluded from testifying absent good cause shown.  The parties reserve the right to call additional witnesses to provide foundation and/or authentication testimony should any party contest the authenticity or admissibility

of any material proffered at trial.[4]**]**

41.     The parties agree that expert witnesses need not be sequestered.  The parties agree that fact witnesses **[Plaintiffs' Proposal:** , save one representative from each party,**]**[5] shall be sequestered.

42.     A list of all depositions, or portions thereof, to be read or played into evidence by Plaintiff, with any objections thereto, is attached as Exhibit 10. Plaintiffs have not necessarily made duplicative affirmative, counter, and counter-counter designations, but reserve the right to use all designations (including Defendant's) for any purpose. Plaintiffs contend that Defendant's lengthy, written objections to their deposition designations are unnecessary and improper.

---

[4] L'Oréal USA notes that, even though it provided Plaintiffs with its exhibit list and exhibits on January 11, 2021, Plaintiffs did not provide any objections to those exhibits until after the close of business on February 2, 2021, less than three days before submission of the pretrial order.  [**Plaintiffs' Response:** L'Oréal does not identify any rule requiring Plaintiffs to have served their objections sooner, or any prejudice L'Oréal has suffered from the timing of Plaintiffs' exhibit objections, particularly given the extension to the PTO deadline the parties agreed to, at L'Oréal's request.]

[5] [**L'Oréal USA's Position:**  The parties agree that fact witnesses should generally be sequestered.  Although L'Oréal USA is willing to work with Plaintiffs regarding their proposal, Plaintiffs have not identified which representative they propose to exempt from this requirement.  L'Oréal USA thus cannot broadly agree to Plaintiffs' proposal.  Allowing one of Plaintiffs' fact witnesses not to be sequestered could affect his or her testimony and prejudice L'Oréal USA.]
[**Plaintiffs' Position**: Parties are routinely permitted to have a party representative in attendance at trial, even if that party representative may be called as a witness. Plaintiffs have not yet determined who may serve as party representatives in attendance at the trial, which is months away.]

43.     A list of all depositions, or portions thereof, to be read or played into evidence by Defendant, with any objections thereto, is attached as Exhibit 11. L'Oréal USA has not necessarily made duplicative affirmative, counter, and counter-counter designations, but reserves the right to use all designations (including Plaintiffs') for any purpose.

44.     The following provisions shall apply to deposition testimony to be read or played in open Court:

a.      If a party designates deposition testimony, and the other party counter-designates, the designations and counter-designations will be read or played in chronological order.  If deposition testimony is read or played in open court, the time available for each party's trial presentation shall be reduced by the length of time it takes to read or play the respective party's designations of each witness's deposition testimony.

b.      To the extent any party wishes to narrow the scope of any deposition testimony herein designated, the party shall provide notice of the revised designations (and any accompanying exhibits to be offered into evidence) to the other party by **[Plaintiffs' Proposal: 7 PM Eastern time two calendar days before] [L'Oréal USA's Proposal: 7:00 PM Eastern time four calendar days before] the party intends to read or play them in open court**.  The receiving party shall provide its counter-designations and

objections (including to any of the identified exhibits) by **[Plaintiffs'**
**Proposal: 9 PM Eastern Time that night] [L'Oréal USA's Proposal: 7:00**
**PM Eastern time three calendar days] before the deposition is to be read**
**or played**.  The party offering the deposition testimony shall provide its
counter-counter designations and objections by **[Plaintiffs' Proposal: 9:30**
**PM Eastern time that night] [L'Oréal USA's Proposal: 7:00 PM Eastern**
**time two calendar days] before the deposition is to be read or played**, and
the parties shall meet and confer **by [Plaintiffs' Proposal: 10 PM Eastern**
**that night] [L'Oréal USA's Proposal: 10:00 PM Eastern time on the same**
**day]** in an effort to resolve any outstanding objections. **[Plaintiffs' Proposal:**
The parties shall submit any remaining disputes to the Court that night, at a
time to be set by the Court, for resolution the following day.]**[L'Oréal USA's**
**Proposal:** If the Parties are unable to resolve any objections to designations
of sworn testimony (including any accompanying exhibits), the Parties will
submit any unresolved objections to the Court for ruling no later **than the**
**morning one day before** that deposition is to be introduced into evidence.**]**

     c.    The party offering the deposition testimony shall provide a copy
of the video if it is to be played, as well as a clip report of the designated
testimony, to the opposing party **by [Plaintiffs' Proposal: 9 PM one**
**calendar day before] [L'Oréal USA's Proposal: 7:00 PM Eastern time**

**one calendar day before] the party intends to play the video in court**.

d.      If a party decides to offer less than all of the designated testimony for a witness at trial, the opposing parties may use such dropped testimony as affirmative designations or counter-designations to the extent the usage of such testimony in such a manner is otherwise consistent with the applicable Federal Rules of Evidence or Federal Rule of Civil Procedure.  A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented on at trial.

45.      Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purpose of cross-examination or impeachment, if otherwise competent for such purpose.  [**L'Oréal USA's Proposal:** The parties further reserve the right to add additional designations to establish the foundation and authenticity of an exhibit to the extent the admissibility of a particular document is challenged.[6]]

46.      All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.  Video may also omit dead time or long pauses between the conclusion of an answer and the beginning of the next question.

---

[6] L'Oréal USA notes that, even though it provided Plaintiffs with its exhibit list and exhibits on January 11, 2021, Plaintiffs did not provide any objections to those exhibits until after the close of business on February 2, 2021, less than three days before submission of the pretrial order.  [**Plaintiffs' Response:** Plaintiffs reiterate their response from footnote 4 above]

47.     [**L'Oréal USA's Proposal:** If an exhibit is referenced in a deposition designation played at trial, the exhibit will be admitted into evidence if it is included on the Trial Exhibit List, is properly authenticated, is offered into evidence, and is not otherwise objected to.]

48.     **Impeachment with Prior Inconsistent Testimony.**   To the extent prior inconsistent testimony is used for impeachment purposes and a party has any objection based on the alleged lack of completeness of the prior inconsistent testimony, that party may seek to present the remaining portion of the testimony that is necessary for the prior inconsistent testimony to be complete during redirect of that witness.

49.     **Objections to Expert Testimony.**   The parties request that the Court rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures.   Before each expert takes the stand, the parties shall provide copies of that expert's report(s) and deposition testimony to the Court.   However, unless expressly moved and accepted into evidence, the expert report(s) and deposition testimony shall be used only for impeachment or the purpose of ruling on objections to expert testimony offered at trial.

## VIII. INTENDED PROOFS

50.     Plaintiffs' statement of intended proofs is attached as Exhibit 12.

51.     Defendant's statement of intended proofs is attached as Exhibit 13.

## IX.   AMENDMENTS OF PLEADINGS

52.   The parties do not seek any amendment to the pleadings.

## X.   MOTIONS IN LIMINE

53.   Plaintiffs' motions *in limine* and related briefing are attached as Exhibits 14 through 16.

54.   Defendant's motions *in limine* and related briefing are attached as Exhibits 17 through 19.

55.   The parties have agreed on the following provisions regarding trial:

   a.   Neither party shall (without first approaching the Court for permission) reference the role or presence in the courtroom of jury consultants or shadow jurors.

   b.   Neither party shall (without first approaching the Court for permission) reference the *Olaplex/Liqwd v. L'Oréal USA* proceedings at trial before the jury.

## X.   LENGTH OF TRIAL

56.   This case is currently scheduled for a five-day jury trial.

57.   Plaintiffs and Defendant each request 13 hours for their respective trial presentations, excluding opening and closing statements.

58.   Plaintiffs and Defendant each request 45 minutes for opening statements and 60 minutes for closing statements. [**<u>Plaintiffs' Proposal</u>:** Plaintiffs

may reserve up to 20 minutes of their closing statement time for a rebuttal closing statement.] [**L'Oréal USA's Proposal:** Rebuttal is unnecessary, and 20 minutes reserved for rebuttal is excessive and raises the possibility, if not the likelihood, that Plaintiffs will raise new material during rebuttal.  L'Oréal USA proposes that any rebuttal be no more than 5 minutes of total closing argument time.]

59.    Time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls (including by designations read or played in open court), cross-examination of witnesses called by any other party (including by designations read or played in open court), and other time as noted herein and as the Court may decide.  Time will not be charged for jury voir dire.

60.    The Courtroom Deputy will keep a running total of trial time used by counsel.  [**L'Oréal USA's Proposal:**  If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.]

61.    [**L'Oréal USA's Proposal:**  The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom, or at the end of the day after the jury has been dismissed.  The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.]

62.    The order of presentation of evidence will be as follows:

a.      Opening statements (Plaintiffs first, followed by Defendant);

b.      Plaintiffs' presentation of evidence of issues for which Plaintiffs bear the burden of proof (*i.e.*, infringement and damages);

c.      Defendant's presentation of evidence rebutting Plaintiffs' presentation, and Defendant's presentation of evidence on issues for which Defendant bears the burden of proof (*i.e.*, invalidity);

d.      Plaintiffs' presentation of evidence rebutting Defendant's presentation of evidence on issues for which Defendant bears the burden of proof [**Plaintiffs' Proposal** and on issues of infringement];[7] and

f.      Closing arguments (Plaintiffs first, followed by Defendant, [**Plaintiffs' Proposal:** followed by Plaintiffs' rebuttal, if any][8]).

## XI.    CERTIFICATION CONCERNING SETTLEMENT

63.     The parties have engaged in a good faith effort to explore the resolution of this matter by settlement.

---

[7] [**L'Oréal USA's Position:**  Separate rebuttal presentations are unwarranted, and it would be improper to allot Plaintiffs a separate rebuttal presentation on issues for which they bear the burden of proof, but not likewise provide such rebuttal for Defendant.  L'Oréal USA disagrees with Plaintiffs' assertions to the contrary.] [**Plaintiffs' Position**: Plaintiffs are routinely permitted to present a rebuttal case and rebuttal closing statements; defendants are not. L'Oréal identifies no specific prejudice to L'Oréal, does not contest that such rebuttal presentations by plaintiffs are typical, and does not contend that defendants are ever permitted similar rebuttal presentations.]

[8] [**L'Oréal USA's Position:**  See Paragraph 58, above.] [**Plaintiffs' Position**: See footnote 7, above.]

## XII.   OTHER MATTERS

### A.   Jury Issues

64.    The parties agree to prepare and submit a joint two-page questionnaire to the Court to accompany the jury summons.

65.    [**Plaintiffs' Proposal**: There shall be eight jurors.] [**L'Oréal USA's Proposal**: There shall be six jurors with two alternates, all deliberating.]

66.    The parties agree that the jurors shall be permitted to take handwritten notes during the presentations of the parties and be given a jury notebook.  The jury notebooks shall include (a) an annotated sample patent, (b) copies of each of the Asserted Patents, (c) a glossary of terms, including a list of common names and acronyms as agreed upon by the parties, (d) pictures of the witnesses, and (e) paper for notetaking.  The parties further agree that the jurors be permitted to bring these notes as well as the provided jury notebook into the deliberation room.

67.    The parties further propose that the jurors be instructed not to exchange or share their notes with each other (though they may discuss the contents of their notes) and that the jurors' notes be collected by the clerk after each daily recess, and collected and destroyed without review after the jury's discharge.

### B.   Set-Up of Electronic and Computer Equipment

68.    The parties request that the Court grant access to the Courtroom on the business day before trial begins to allow them to set up electronic and computer

devices to be used during the trial, as well as early morning access each day of trial to test the same.

69.     This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

**C.     Miscellaneous Matters;**

70.     [**Plaintiffs' Position:**  Plaintiffs seek to address the following routine items with the Court during the pretrial conference to avoid disruption at trial, given Defendant's refusal to agree to these items:

a. No party shall (without prior approval from the Court) discuss settlement communications between the parties, including but not necessarily limited to, under their Rule 408 standstill agreement;

b. No party shall (without prior approval from the Court) discuss the legal fees, agreements or litigation funding of the opposing party;

c. Plaintiffs' concern that Defendant will improperly argue non-infringement based on the prosecution history or comparisons to the specification or prior art;

d. Plaintiffs' concern that Defendant will improperly contradict the Court's *Markman* order, including the reasoning articulated by the Court during the *Markman* hearing;

e. Plaintiffs' concern that Defendant will inappropriately argue that

ownership of or rights to any other patent by L'Oréal precludes infringement of the asserted patents.]

71.   [**L'Oréal USA's Position:**  L'Oréal USA disagrees with and objects to Plaintiffs' assertions in, and the inclusion of, Paragraph 70 above, which is an improper attempt to evade the Scheduling Order's limit on three motions *in limine* for each party.  Plaintiffs identified these issues as potential motions *in limine* during the preparation of the pretrial order and elected not to bring them, only to add them to the pretrial order three days before it was due.  In view of this timing, and given the broad and vague phrasing of the topics, Plaintiffs' conduct has prejudiced L'Oréal USA by denying it the opportunity to fully address these issues.  L'Oréal USA reserves the right to raise objections to Plaintiffs' arguments and evidence as necessary at the appropriate time.]

72.   [**Plaintiffs' Position:** L'Oréal has included in its proposed verdict form and jury instructions a request that the jury make factual findings on whether, if the Court ever determined that one or more of the Asserted Claims is directed to a law of nature, a natural phenomenon, or an abstract idea, the Asserted Claims nevertheless provide an inventive concept. L'Oréal has never filed a motion to determine patent eligibility under § 101, and so the Court has never made a determination under the first step of the § 101 inquiry that these factual findings are necessary or relevant. Allowing L'Oréal to introduce such evidence at trial—which,

for example, could confuse the jury as to other aspects of invalidity—is highly prejudicial to Plaintiffs. L'Oréal's citation to a single case where the court noted that it was *permitted* to decline to address step 1 until after trial says nothing about whether that is the proper approach in this case, where L'Oréal has never introduced any evidence on patent ineligibility and will rely on evidence from its other invalidity arguments, confusing the jury. In the ordinary course, a court permits ineligibility evidence to go to the jury only after making a finding on step 1. *See, e.g.*, *PPS Data, LLC v. Jack Henry & Assocs.*, No. 2:18-cv-00007-JRG, D.I. 165 (E.D. Tex. Sept. 12, 2019); *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021, 1040 (E.D. Tex. 2019) (jury made step 2 findings only after court found patent failed at step 1 and then found issues of fact precluded summary judgment); *Finjan, Inc. v. Juniper Network, Inc.*, No. 3:17-cv-05659-WHA, D.I. 189, at 20 (N.D. Cal. Aug. 31, 2018) (postponing step 2 questions until trial only after finding patent failed at step 1). Accordingly, Plaintiffs respectfully request that the Court address at the pretrial conference whether L'Oréal should be precluded from raising step two issues before the jury at all, or whether the presentation of step two evidence should be bifurcated from the main trial.] [**L'Oréal USA's Position:**  Plaintiffs' belated efforts to challenge L'Oréal USA's Section 101 counterclaim and affirmative defense before trial are unavailing; the pretrial order and jury instructions are not the proper vehicle to litigate the merits of L'Oréal USA's Section 101

argument. Plaintiffs have known about L'Oréal USA's counterclaim and affirmative defense since at least the pleading stage of this case (*see* D.I. 38), yet never filed a Fed. R. Civ. P. 12 motion or sought the Court's intervention as a matter of law on summary judgment. Plaintiffs' suggestions about the evidentiary bases of L'Oréal USA's Section 101 counterclaim and defense are misleading, both in fact and on the law, and are effectively an untimely and improper motion for summary judgement. In *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018), the Federal Circuit confirmed that "[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact," and that, just like "indefiniteness, enablement, or obviousness, whether a claim recites patent eligible subject matter is a question of law which may contain underlying facts." Plaintiffs cite no authority mandating a defendant move, either under Fed. R. Civ. P. 12 or on summary judgment before trial, to invalidate a patent under 35 U.S.C. § 101 (or any other invalidity theory) before a jury trial is held on outstanding questions of fact. In fact, as Plaintiffs acknowledge, courts have ruled that *Alice* Step 1 questions of law do <u>not</u> necessarily need to be resolved before *Alice* Step 2 questions of fact are presented to the jury. *See, e.g.*, *Innovation Sci., LLC v. Amazon.com, Inc.*, 2020 WL 4884000, at *2 (E.D. Tex. Aug. 20, 2020) ("The Court is ***not required*** to rule on questions of law inherent in the *Alice / Mayo* framework before the matter is presented to the jury

for questions of fact.") (emphasis added).  L'Oréal USA objects to Plaintiffs' belated

efforts to challenge Section 101 at the pretrial conference, but remains available at

the Court's convenience should Your Honor wish to discuss this issue at that time.]

DATED: February 4, 2021

Respectfully submitted,

FARNAN LLP

/s/ *Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Of Counsel:
William Christopher Carmody
Tamar E. Lusztig
Beatrice C. Franklin
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com
tlusztig@susmangodfrey.com
bfranklin@susmangodfrey.com

Justin A. Nelson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Davida Brook
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com

*Attorneys for University of*
*Massachusetts and Carmel*
*Laboratories, LLC*

Matthew B. Lowrie
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199
Telephone: (617) 342-4000
Facsimile: (617) 342-4001
mlowrie@foley.com

*Attorneys for Carmel Laboratories,*
*LLC*

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

By: *William Christopher Carmody*
William Christopher Carmody

Special Assistant Attorney General
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com

*Attorney for University of
Massachusetts*

OF COUNSEL:
Eric W. Dittmann
Isaac S. Ashkenazi
Bruce M. Wexler
Nicholas A. Tymoczko
Karthik R. Kasaraneni
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166

Naveen Modi
Joseph E. Palys
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, D.C. 20036

Robert Unikel
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, IL 60606

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
BROWNE GEORGE ROSS O'BRIEN
ANNAGUEY & ELLIS LLP
2121 Avenue of the Stars, Suite 2800

*/s/ Katharine L. Mowery*
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendant L'Oréal USA, Inc.*

Los Angeles, California 90067